# Heilman *v.* McKinstry, Appellant.

*Appeals—Taking off nonsuit—Interlocutory order.*

An order taking off a voluntary nonsuit is not final, and no appeal from it will lie, but if an appeal is taken within the statutory period after the final judgment, the validity of the order may be considered by the appellate court, although the date of the appeal is more than six months after the date of the order.

*Replevin—Right to possession.*

In order to sustain replevin it is incumbent on the plaintiff to show not only the title to the property but the right of immediate possession thereto.

In an action of replevin to recover possession of a piano, where it appears that the defendant was in possession under contract of bailment, it is incumbent upon the plaintiff to show that there was breach of the contract of bailment, before he can recover.

Argued May 23, 1901. Appeal, No. 120, April T., 1901, by defendant, from judgment of C. P. Armstrong Co., March T., 1898, No. 191, on verdict for plaintiff in case of E. E. Heilman v. M. A. McKinstry. Before RICE, P. J., BEAVER, ORLADY, W. W. PORTER and W. D. PORTER, JJ. Reversed.

Replevin for a piano.

From the record it appeared that when the case was called on June 7, 1900, the plaintiff suffered a voluntary nonsuit. Subsequently the nonsuit was stricken off and the case reinstated.

At the trial it appeared that the defendant was in possession of the piano under a contract of bailment made with plaintiff's agent.    There was no evidence of a breach of this contract on the part of the defendant.

The court charged in part as follows:

[If we had any complaint to make relative to this trial it would be that the counsel have not sufficiently developed the facts; however, you have simply the evidence of the plaintiff to the effect that this property was his, and that no other person had any right or title to it.   It appears from his testimony further on cross-examination that at one time there was a lease of this property to the defendant, but it was only a lease and from his statement we have a right to infer that the title to the property still remained in the plaintiff, Mr. Heilman.   Neither counsel have asked for the terms of the contract, or lease and you simply have the testimony of the plaintiff that the property is his.

If you believe this evidence of the plaintiff and it is not contradicted in any way, you should render a verdict for the plaintiff.] [2]

Verdict and judgment for plaintiff.    Defendant appealed.

*Errors assigned* were (1) order taking off nonsuit.  (2) Above instruction, quoting it.

*H. N. Snyder*, for appellant.—The taking of a voluntary nonsuit was a failure to prosecute his suit with effect; there was a breach of the conditions of the bond: Balsley v. Hoffman, 13 Pa. 603 ; Bank v. Hall, 107 Pa. 583 ; Gibbs v. Bartlett, 2 W. & S. 29.

The plaintiff's voluntary nonsuit was a breach of the conditions of the bond, whereby a right of action on the bond, eo instante accrued to the defendant.   The defendant thereby acquired a vested right which the court had no power to take

from him: Norman v. Heist, 5 W. & S. 171; Art. 1, sec. 9, Constitution of Pennsylvania; Brown et al. v. Hummel et. al. 6 Pa. 87; Fetter v. Wilt, 46 Pa. 460; Menges v. Dentler, 33 Pa. 495.

The plea of property imposes upon the plaintiff the necessity of establishing his title and his right to the possession, and that right must of necessity be exclusive in order to warrant a delivery of the property to him: Lester v. McDowell, 18 Pa. 91; Reiheimer v. Hemingway, 35 Pa. 432; Lake Shore, etc., Ry. Co. v. Ellsey, 85 Pa. 283; Mathias v. Sellers et al., 86 Pa. 486.

*M. F. Leason,* with him *Harry Heilman,* for appellee.—A voluntary nonsuit is not conclusive between the parties. The plaintiff may in replevin restore the property, pay the costs and begin de novo. The forfeiture of the condition in the bond would not defeat the right of the obligor to show that the obligee had no title to the property, and that only nominal damages were recoverable: McCredy v. Fey, 7 Watts 496; Van Wormer v. The Mayor, etc., of Albany, 18 Wendell (N. Y.) 169; Morris on Replevin (3d ed.), 65; Koecker v. Koecker, 7 Phila. 371; Betts v. Hayward, 7 Phila. 158.

OPINION BY BEAVER, J., July 25, 1901:

The motion to take off a voluntary nonsuit is an appeal to the discretion of the court. Whether or not the discretion of the court was properly exercised in this case in taking off a voluntary nonsuit suffered by the plaintiff is immaterial in view of the final disposition of the case.

This order was not final and no appeal from it would lie, hence the appeal within the statutory period after final judgment was entered would raise the question of its validity, although the date of the appeal was more than six months after the date of the order.

The other assignments of error, however, raise a more serious question. In order to sustain replevin, it is incumbent upon the plaintiff to show not only the title to the property but the right of immediate possession thereto. The entire testimony in the case is that of the plaintiff. Taken together it shows that the piano and sewing machine, taken by virtue of the writ of replevin from the possession of the defendant, belonged to

him, the plaintiff, had been placed in the hands of the defendant by the plaintiff's agent under a bailment and were so held at the time of the replevin. The testimony further showed that the plaintiff had received as payment an organ, for which he gave a credit of $90.00 ; cash, $34.25 and other items amounting to more than $40.00. Having shown this, it was incumbent upon the plaintiff to show further that there was a breach of the contract of bailment on the part of the defendant, before he would be entitled to the return of the property. This is nowhere shown in the testimony, nor is there any attempt to show it. The statement of the plaintiff that no one else had a right to the piano and the sewing machine, except himself (although not objected to by the defendant) is no evidence of title or the right of possession. It was the statement of an opinion or a legal conclusion—not of a fact—and was not conclusive of anything.

The complaint of the court below " that the counsel have not sufficiently developed the facts " was well founded. It should not have been difficult to lay the ground for secondary evidence as to the contents of the contract of bailment and a failure to comply therewith, if there had been such failure, which if shown we take it would have entitled the plaintiff to the possession of the property taken by the replevin. There was not sufficient evidence to warrant the submission of the case to the jury.

Judgment reversed.