Kline, Appellant, *v.* State Public School Building Authority.

Argued May 26, 1959. Before JONES, C. J., BELL, MUSMANNO, JONES, COHEN, BOK and MCBRIDE, JJ.

*William S. Livengood, Jr.,* with him *John Arnold Crisman, Charles J. Ware,* and *Livengood, Braucher & Stroup,* for appellant.

*James W. Reynolds,* with him *Allen Shaffer,* and *Shelley, Reynolds and Lipsitt,* for appellee.

*Robert L. Rubendall,* with him *Hull, Leiby and Metzger,* for appellee.

OPINION BY MR. CHIEF JUSTICE JONES, June 30, 1959:

This appeal by the plaintiff is from an order striking off a discontinuance entered by him in an action of assumpsit which he had instituted for an amount alleged to be due by the defendant under a written contract. The pleadings had been completed to the extent of an answer by the defendant, the filing of a complaint by an interpleaded plaintiff, answer by the plaintiff to the statement of claim of the interpleaded plaintiff, together with a counterclaim, and preliminary objections by the interpleaded plaintiff to the answer and counterclaim of the plaintiff. It was in that procedural situation that the plaintiff filed with the prothonotary his praecipe discontinuing the action. Immediately after the discontinuance, to wit, on the same day, the plaintiff filed another suit in assumpsit against the defendant in the same court. The new suit involved the same parties, the same subject-matter and the same cause of action as the suit that had been discontinued.

On separate petitions of the defendant and the interpleaded plaintiff to strike off the discontinuance, a rule was granted on the plaintiff to show cause why the discontinuance should not be stricken off. After argument, the rule was made absolute and the discontinuance stricken. The order striking off the discontinuance also stayed proceedings in the new suit which the plaintiff had instituted.

The opinion for the court below well justifies its action in striking off the discontinuance which, inciden-

tally, was entered without express leave of court and without notice to the defendant or the interpleaded plaintiff.

In any event, it is not apparent to us how the order striking off the discontinuance is appealable. It is manifestly interlocutory; it did not adjudicate any substantive rights of the parties; it put no one out of court. It has not been made appealable by statute. The striking off of a *nolle prosequi* is an interlocutory order from which no appeal lies: *Commonwealth of Pennsylvania v. Shields,* 91 Pa. Superior Ct. 484, 485. An order taking off a voluntary nonsuit is interlocutory and unappealable: *Heilman v. McKinstry,* 18 Pa. Superior Ct. 70, 72. Also, an order removing a compulsory nonsuit is interlocutory and unappealable: *Pappas v. Keely,* 396 Pa. 63, 151 A. 2d 467. An order striking off a discontinuance must equally be deemed unappealable.

Appeal quashed.