## Kine *v.* Forman, Appellant.

Argued April 26, 1961. Before JONES, C. J., BELL, MUSMANNO, JONES, COHEN, BOK and EAGEN, JJ.

*David Freeman,* for appellant.

*Harry Smuckler,* for appellee.

OPINION BY MR. JUSTICE MUSMANNO, June 27, 1961:

On December 17, 1937, Oscar Rosenbaum filed and obtained judgment on a note, with a warrant for confession of judgment, signed by the defendants Louis Forman and Max Forman, and made payable to Dr. Israel Kine and Oscar Rosenbaum.

On September 16, 1938 the defendants petitioned the Court of Common Pleas of Philadelphia County to strike off the judgment on the ground that Dr. Kine had died before the note was recorded and that, therefore, the judgment was entered without his authority or that of a personal representative. Rosenbaum filed an answer asserting that he was sole owner of the judgment note since he had purchased Dr. Kine's interest in the note prior to the latter's death and that there was an oral assignment of the note by Dr. Kine to him. Rosenbaum had a rule issued upon the defendants to take depositions in accordance with Rule 209 of the Pennsylvania Rules of Civil Procedure. The depositions, however, were not taken and the defendants elected to proceed upon petition and answer.

The court discharged the rule to strike off on the basis that as one of the joint payees, Rosenbaum, was entitled to record the note with or without the consent of the other joint payee. We find it unnecessary to study the correctness of this ruling, since we affirm the court's discharge of the rule on another ground.

When a petition is filed to open or strike off a judgment, and an answer is filed by the plaintiff, the averments of fact properly set forth in the plaintiff respondent's answer must be accepted as true if the defendant proceeds without taking depositions: *Philadelphia Gas Heating Co. v. Sanders*, 181 Pa. Superior Ct. 510; *Adelman v. McShain, Inc.*, 148 Pa. Superior Ct. 138.

Therefore, accepting as true the averments of fact in Rosenbaum's answer that he was the sole owner of

the judgment note for the reason stated, Rosenbaum, as assignee, necessarily had the authority to confess judgment on the note without any joinder of Dr. Kine or his personal representative.

The Act of February 24, 1806, P. L. 334, 4 Sm. L. 270, §28 (12 PS §739), specifically provides: "It shall be the duty of the prothonotary of any court of record, within this Commonwealth, on the application of any person being the original holder (*or assignee of such holder*) of a note . . . in which judgment is confessed, or containing a warrant for an attorney at law, or other person, to confess judgment, to enter judgment against the person or persons who executed the same . . ." (Emphasis supplied).

The appellant Forman, argues: "A stranger to a note must establish his property thereto and mere assertions are not enough. An assertion in an answer cannot be cross-examined. . . . Rosenbaum has never offered to take depositions or to furnish evidence to support his claim of total ownership."

The appellant here loses sight of the fact that he was the petitioner, the moving party, and that under Rule 209 of the Pa. Rules of Civil Procedure, it was his duty, after Rosenbaum filed his answer, to "(a) Proceed by rule or by agreement of counsel to take depositions on disputed issues of fact; or (b) Order the cause for argument on petition and answer (in which event all averments of fact responsive to the petition and properly pleaded in the answer shall be deemed admitted for the purpose of the rule) . . ." Rosenbaum ruled the Formans to proceed with the taking of depositions as provided for in Rule 209, but none were taken. The record is not clear whether the matter was ordered for argument on petition and answer by the Formans or by Rosenbaum, as provided in said Rule 209, but in any event, "(. . . all averments of fact responsive to the petition and properly pleaded in

the answer shall be deemed admitted for the purpose of the rule)".

Paragraph 5 of the petition alleged: "5. Petitioners aver that the said note was entered of record without the authority of the said Dr. Israel Kine his representative."

In his answer Rosenbaum alleged: "5. Denied in the manner and form stated. The true facts are . . . The present judgment was made payable to Dr. Israel Kine and Oscar Rosenbaum jointly because in March, 1930, when the judgment note in question was executed, by reason of Oscar Rosenbaum having recommended this loan to Dr. Israel Kine, Oscar Rosenbaum purchased from Dr. Kine a one-half interest in the said judgment note. Since that time, by reason of the difficulty that Dr. Kine was experiencing in collecting the money from the defendants, your deponent had purchased from Dr. Kine the remaining half of the judgment note so that at the time of Dr. Kine's death your deponent was the owner of the entire judgment note and the said Dr. Kine had no right title or interest therein, although your deponent never obtained a written assignment of Dr. Kine's one-half interest."

We do not agree as maintained by the appellant, that the facts alleged in Paragraph 5 of the answer are not responsive to the petition, but should have been included as "New Matter". Though the rules of civil procedure with respect to petition and answer, make no provision regarding the allegation of new matter, it is logical to assume that the rules pertaining to assumpsit actions would equally apply to petition and answer procedure. Rule 1030 provides: "A party may set forth as new matter any other material facts which are not merely denials of the averments of the preceding pleading." Where the facts set forth are a traverse of the facts set forth in the petition, they cannot constitute "New Matter". As stated in *Arch v. Slovene*

*Nat. Benefit Society,* 156 Pa. Superior Ct. 64, wherein the Court held the facts were improperly pleaded under "New Matter," and therefore no reply thereto was necessary: "If a specific answer rather than a general denial is necessary for each allegation which is not admitted, facts to be properly pleadable as new matter must differ from the data which must be alleged as traverse to the statement of claim. 'Payment, release, novation are all proper examples of "new matter," and without attempting to define it, it may be said to include any legal defense, of substance, to the action, *other than a traverse,* set off or counterclaim.' Security T. & T. Co. v. Welsh & Brown, 104 Pa. Superior Ct. 592, 159 A. 227. A survey of the averments in the defendant's pleading of new matter will reveal only a detailed, fact-filled repetition of the denials made in the body of the affidavit of defense. They are not something different and extrinsic from purely defensive matter. At best, they are but further explanatory matter." (Emphasis supplied).

The facts set forth by Rosenbaum in paragraph 5 of his answer did not differ from the data required to be alleged as a traverse to the allegations in the petition. They constituted a denial and response to the allegations of paragraph 5 of the petition since the facts there alleged revealed that Rosenbaum had the authority to confess judgment on the note. Rosenbaum was merely complying with the rule that "Instead of simply denying, the Defendant must deny specifically or by necessary implication, *and must affirmatively allege what he conceives to be the true state of facts:*" 29 Pennsylvania Law Encyclopedia, Pleading, section 54, page 367.

As stated in *Wilson & Gardner Co. v. Wilson,* 334 Pa. 289: "The denial must be supplemented by information that would show why no consideration passed, or that none existed. Such averments would not be

new matter extrinsic to the allegation of consideration contained in the statement of claim; nor would they be statements of fact not relating to matter previously alleged, as the defense of accommodation maker is inherent in the issue of consideration. New Matter consists of allegations of fact extrinsic to those averred in the statement of claim."

The avements as to the purchase of the note by Rosenbaum from Dr. Kine, etc. were inherent in the issue as to whether Rosenbaum had the authority to confess the judgment.

Since the petitioner proceeded without taking depositions, they are bound by the facts alleged in the responsive pleading of the respondent, which facts sustain a conclusion of law that Rosenbaum had authority to confess judgment on the note.

Accordingly, the action of the court below in discharging the rule to strike off the judgment is affirmed, although, as indicated, on different grounds.

Order affirmed; each party to bear own costs.