## Ginsburg v. Hilsdorf

*Paul Ginsburg*, for plaintiff.

*Walter T. McGough, James H. McConomy, Reed, Smith, Shaw & McClay*, for defendants.

ALDISERT, J., May 17, 1965.—We are to determine whether this court should strike off a discontinuance of this case and set it down for trial on the next jury trial list.

The proceedings were instituted on October 23, 1961, by writ of foreign attachment, followed by a complaint on October 28, 1961. It was called for argument before courts en banc on December 21, 1961, February 13, 1962, April 16, 1962, June 22, 1962, and March 4, 1963.

On September 10, 1964, publication was made in the Pittsburgh Legal Journal, listing the case for the jury trial list beginning November 9, 1964, and on December 18, 1964, notice was again given that it was listed for trial on the list beginning January 4, 1965.

On January 5, 1965, the court entered an order prepared and consented to by counsel that a jury would be picked on Friday, March 19, 1965, and the trial would begin on Monday, March 22, 1965. This order contained

the additional provision, "no further continuances of the trial of this case to be granted".

On March 15, 1965, the court entered an order denying the prayer of a petition requesting postponement of the trial. Plaintiff then immediately filed in the Supreme Court a petition for mandamus, naming the calendar control judge of this court as the respondent. Argument was had on the petition for mandamus on March 17, 1965, and the Supreme Court, speaking through the Chief Justice, refused the prayer of the petition in mandamus on the basis of the petition and the answer filed, without hearing extended oral arguments. Subsequent to the decision by the Pennsylvania Supreme Court, plaintiff made an application for reargument before the calendar control judge, presented a motion for reconsideration, and a motion to vacate the order of March 15th.

By opinion and order dated March 17, 1965, the court denied both motions.

The very next day, March 18, 1965, plaintiff discontinued the present action, and *on the same day*, plaintiff commenced a new action by writ of foreign attachment against the same defendants and garnishees at April term, 1965, no. 3428. On March 22, 1965, he filed his complaint in trespass.

On March 29, 1965, defendants filed a petition for a rule to show cause why the discontinuance filed in this action should not be stricken and the case listed for a prompt trial.

There is no question that this court has the power to strike off the discontinuance: Pennsylvania Rule of Civil Procedure 229 (c) :

"The court, upon petition and after notice, may strike off a discontinuance in order to protect the rights of any party from unreasonable inconvenience, vexation, harassment, expense, or prejudice".

Prior to the enactment of this rule, there were four

procedural devices whereby plaintiff, prior to trial, could voluntarily terminate his action: discontinuance, retraxit, nolle prosequi and voluntary nonsuit. The last three methods were absolute rights of plaintiff. Discontinuance, however, was subject to the discretion of the court. The enactment of this rule abolished the common-law procedures and made discontinuance the sole method of voluntary termination of an action prior to trial.

Pennsylvania Rule of Civil Procedure 229 (a) :

"A discontinuance shall be the exclusive method of voluntary termination of an action, in whole or in part, by the plaintiff before commencement of trial".

The inclusion of section (c) under rule 229, however, means, strictly speaking, discontinuance still requires leave of court, but our present Pennsylvania practice rules presume such leave subject to the right of the court to strike the discontinuance.

We have examined the complaint filed at April term, 1965, no. 3428, and are unable to ascertain any appreciable difference between the first and the subsequent actions.

Plaintiff asserts that there is a difference in the amount of damages claimed. This item in itself is not impressive, because in trespass pleadings no specific amounts of unliquidated damages need be pleaded: Pa. R. C. P. 1044(b), (c).

Allegheny County Common Pleas Court Rule 9 :

"The *ad damnum* clause in any pleading in trespass shall merely state that the damages are in excess of the jurisdiction of the County Court of Allegheny County, Pennsylvania".

Plaintiff also urges that the second complaint contains allegations of the continuing conspiracy against him. We hold that this was sufficiently covered in his original complaint, and that the matters added to the second complaint are allegations of evidence only, and

do not constitute the allegation of a new cause of action. It will be noted that an amendment to the complaint in the within action, "reaffirming and realleging all of the allegations contained therein", was filed as recently as January 29, 1965.

We conclude that there is no basic difference between the action commenced by plaintiff on October 23, 1961, and the one filed on March 18, 1965, immediately after the discontinuance of the within action.

This action was commenced by a writ of foreign attachment. Substantial assets of defendants have become involved. If the purpose of the discontinuance was merely to pave the way for the institution of a new action in foreign attachment, then we could justifiably conclude that we should strike off the discontinuance, "in order to protect the rights of any party from unreasonable inconvenience, vexation, harassment, expense or prejudice".

But the essential thrust of plaintiff's argument, advanced at the oral argument on the within motion, previously offered in the petition of March 15th, in the petition before the Pennsylvania Supreme Court, and reasserted in the oral argument of March 17, 1965, was that some of the basic issues herein are pending in the Federal courts of the third circuit and the ninth circuit in actions between the same parties, and as stated in plaintiff's brief: "This case is thus unripe for trial and plaintiff cannot prevail herein unless and until those Federal cases are fully and finally determined in his favor".

The basic argument of plaintiff was previously before us, and before the Pennsylvania Supreme Court, and has heretofore been adjudicated adversely to plaintiff.

Moreover, the filing of the new suit at April term, 1965, no. 3428, on the same day he filed the discontinuance of the within action is a formidable rebuttal to his basic argument. Under the rules of this court, the

second action could be placed at issue 60 days after March 22, 1965, the date of the service of the complaint; to wit, May 21, 1965. Upon petition of defendant, in view of the lengthy history of the previous case, this court would be constrained to advance the trial of the second action under the authority contained in Allegheny County Court of Common Pleas Rule 26, paragraph 14-III, and Pa. R. C. P. 214(g).

Accordingly, by virtue of the authority conferred upon this court in Pa. R. C. P. 229(c), we will strike off the discontinuance of this action which was entered in the office of the prothonotary on March 18, 1965.

There remains one other matter in the petition before us, and that is the request that the case be "listed for a prompt trial".

If the order which we will enter relating to the discontinuance of this action consistent with this opinion would be appealable, then we would not entertain the question of a trial date. In Kline v. State Public School Building Authority, 396 Pa. 281, the court held that an order striking off a discontinuance was interlocutory. At page 283 the court declared:

"In any event, it is not apparent to us how the order striking off the discontinuance is appealable. It is manifestly interlocutory; it did not adjudicate any substantive rights of the parties; it put no one out of court. It has not been made appealable by statute. The striking off of a nolle prosequi is an interlocutory order from which no appeal lies: Commonwealth of Pennsylvania v. Shields, 91 Pa. Superior Ct. 484, 485. An order taking off a voluntary non-suit is interlocutory and unappealable: Heilman v. McKinstry, 18 Pa. Superior Ct. 70, 72. Also an order removing a compulsory nonsuit is interlocutory and unappealable: Pappas v. Keely, 396 Pa. 63, 151 A. 2d 467. An order striking off a discontinuance must equally be deemed unappealable".

The jury trial list for the jury trial period beginning

June first, 1965, has already been prepared by the calendar control clerk of this court. We will not disturb that scheduling.

Accordingly, we will order this case listed for trial beginning September 7, 1965, and emphasize that the court will not grant any further postponement of the trial of this case.

### ORDER OF COURT

And now, to wit, May 17, 1965, it is ordered that the rule heretofore issued upon plaintiff to show cause why the discontinuance filed in this action should not be stricken and the case listed for a prompt trial, and all proceedings at April term, 1965, no. 3428, be stayed pending disposition of this action, be and the same is made absolute.

It is further ordered, adjudged and decreed that the discontinuance previously entered on March 18, 1965, be and the same is hereby stricken.

It is further ordered, adjudged and decreed that this case be listed for jury trial on September 7, 1965, and that no further continuances of the trial of this case be granted.