## Leibowitz v. Platt

*Jack Sirott,* for plaintiffs.

*Frederick E. Smith,* for defendant.

MONROE, J., July 12, 1967.—The issue before us is whether the discontinuance of the above entitled action, entered by the prothonotary as a matter of course on praecipe of plaintiffs, should be stricken.

The action is one of trespass instituted by plaintiffs, husband and wife, on July 8, 1965, by filing of a complaint wherein damages are sought of defendant for alleged personal injuries incurred by wife-plaintiff, and derivative damages sustained by husband plaintiff, by reason of a fall of wife plaintiff, allegedly caused by the negligence of Vernon Platt at the Alp's Miniature Golf Course situate in this county.

The issue before us is raised by defendant's petition to strike off the discontinuance and rule granted thereon and plaintiffs' answer to said petition. Depositions were not taken by either party to support or refute the allegations of the petition or answer. The issue was placed on the argument list by defendant,

Therefore the averments of fact properly set forth in plaintiffs respondents' answer must be accepted as true: Pennsylvania Rule of Civil Procedure 209 (b) ; Kine v. Forman, 404 Pa. 301, 304 (1961). Since the rules pertaining to assumpsit actions apply equally to petition and answer procedure (Kine v. Forman, supra, p. 306), the averments of fact in defendant's petition which are expressly admitted or which have not been answered by plaintiffs respondents must be accepted as true. See also Commonwealth ex rel. Ilgenfritz, 26 D. & C. 418. The petition and answer are not as full and complete as they might have been and are lacking in details that could have been supplied by depositions. As a consequence, the briefs of the parties contain some matters which are not set forth in the petition and answer, none of which we can consider: Hober's Estate, 118 Pa. Superior Ct. 209, 210 (1935) ; D'Amore v. Erthal, 421 Pa. 417 (1966). The admitted facts and the record before us established the following. Plaintiffs' complaint was filed on July 8, 1965, and the entry of the discontinuance occurred on November 9, 1966. Between those dates the following took place: On July 14, 1965, plaintiffs' complaint was served on defendant. An appearance for defendant was entered on July 30, 1965. Defendant filed identical answers to plaintiffs' complaint, the first on July 31, 1965, and the second on January 6, 1966. A copy of one of the answers was served on plaintiffs' attorney. On January 9, 1966, defendant's interrogatories to the plaintiffs were filed, and a copy thereof served upon plaintiffs' attorney by letter of February 8, 1966. On March 28th, plaintiffs not having answered defendant's interrogatories, defendant's petition for an order to plaintiffs directing them to answer the interrogatories was filed. On the same day the order prayed for was granted, directing plaintiffs to answer the interrogatories on or before April 29, 1966, On

May 10, 1966, plaintiffs instituted a separate suit for the same cause of action in the United States District Court for the Eastern District of Pennsylvania, to no. 4026. On May 26, 1966, counsel for defendant advised plaintiffs' counsel that unless defendant was informed within 10 days of plaintiffs' desire for additional discovery, the Bucks County case would be certified as ready for trial. No notice was ever given to defendant's attorney that plaintiffs desired additional discovery in the Bucks County case; however, defense counsel did receive notice of the intention of plaintiffs to take depositions of defendant in the Federal case, by letter of June 1, 1966. On September 23, 1966, defendant filed with the Prothonotary of Bucks County his order to place the above-entitled case upon the trial list, in consequence of which the case was placed on the preliminary list for trial for the week of December 12, 1966. A pretrial conference was fixed by the court administrator for November 3, 1966, at 1:15 p.m. On November 2, 1966, defendant's attorney, for the first time, was informed that plaintiffs intended to discontinue the Bucks County action. On the same date the court administrator, by reason of a telephone conversation with plaintiffs' attorney, cancelled the pretrial conference fixed for November 3, 1966. As hereinabove indicated, on November 9, 1966, on praecipe of plaintiffs, the prothonotary marked the above-entitled case as discontinued. On the same date, defendant's petition to strike off the discontinuance was filed and a rule was granted thereon, returnable November 28, 1966. On that date, plaintiffs' answer to the petition was filed. On December 6, 1966, defendant placed the issue on the argument list, and on January 16, 1967, argument was had.

Following commencement of the action in the United States District Court, an appearance for defendant was filed. Counsel for defendant proceeded

with discovery under the applicable Federal Rules of Civil Procedure, and sought and received answers to interrogatories. Counsel for defendant agreed by exchange of correspondence to produce defendant for depositions, pursuant to notice of depositions filed in the United States District Court action. The taking of the depositions was scheduled for Tuesday, November 30, 1966, and counsel for defendant had requested plaintiffs to be present for their deposition at the scheduled time, for the deposing of defendant in the action pending in the United States District Court. Whether the depositions of plaintiffs and/or defendant were in fact taken in the United States District Court action does not appear in the petition or answer or of record (plaintiffs' brief states that they had been taken but we cannot accept this as a fact, it being dehors the record).

It is alleged in defendant's petition that many years will be required prior to the listing of the case for trial in the United States District Court. This is not denied by plaintiffs' answer and, therefore, the allegation must be accepted as correct.

Where any of the parties may have resided at the time the cause of action arose, at the time of the institution of the action in this county and at the time of the institution of the action in the United States District Court is not disclosed by the pleadings in the case nor by the petition and answer presently before us. Plaintiffs' brief contains statements concerning these matters but we may not consider them as they are dehors the record. Whether there was concurrent jurisdiction in this State court and in the Federal court at the time the action was instituted here, why the action was first instituted in this county, why the later action was instituted in the Federal court and why the institution of action in this county was discontinued, are left as matters for speculation. But

we may not speculate. Our decision must rest on the facts properly before us.

Defendant's claim for relief is based upon Pa. R. C. P. 229(c):

"The court, upon petition and after notice, may strike off a discontinuance in order to protect the rights of any party from unreasonable inconvenience, vexation, harassment, expense, or prejudice".

The rule relied upon reflects the prior practice; thus, in Brown v. T. W. Phillips Gas and Oil Company, 365 Pa. 155 (1950), the court said, page 159:

"But, a discontinuance that is prejudicial to the rights of others should not be permitted to stand even though originally entered with the expressed consent of the court: Bily v. Allegheny County Board of Property Assessment, etc., 353 Pa. 49, 52, 44 A. 2d 250".

In the Bily case it is stated:

"Discontinuance of an action is always subject to the consent of the court, and should not be permitted if prejudicial to the rights of others".

In Shapiro v. Philadelphia, 306 Pa. 216 (1932), the court said, pages 220-21:

"While a discontinuance is ordinarily entered without leave of court actually obtained, it is none the less presumed to be entered by such leave, and will be stricken off in all cases where it would be inequitable to permit it to remain: (citing cases)".

This statement was adopted and repeated in Adam Hat Stores, Inc. v. Lefco, 317 Pa. 442, 444 (1935). Since the effective date of the rule (April 1, 1950), it has been held in Pesta v. Barron, 185 Pa. Superior Ct. 323 (1958), that the party seeking to have the discontinuance stricken must show that he has been deprived of a substantial right or will be prejudiced by the discontinuance. See also Kline v. State Public School Building Authority, 396 Pa. 281 (1959), where-

in the action of the lower court (reported in 72 Dauph. 210), in striking off a discontinuance because of prejudice, was approved. We have examined a number of reported decisions of lower courts which are to the same effect. See Abrasonis v. Hilsdorf, 38 D. & C. 2d 255 (1965); Kline v. Fraley, 76 York 12 (1962).

In all of the reported decisions on the subject which we have examined, we have observed that where the discontinuance was allowed or upheld, a substantial and legitimate reason was shown for the entry of the discontinuance and the institution of the second suit.

Brown v. T. W. Phillips Gas and Oil Company, supra, is relied upon by defendant. Plaintiffs argue that it has no application to the situation before us because "striking of the discontinuance in that case was necessitated by the advanced stage of the pleadings and trial". It is true that the procedures undertaken in that case had progressed through one mistrial, the filing thereafter of two successive amended complaints with preliminary objections thereto, argument before the court and an order allowing a fourth amended complaint to be filed, before the discontinuance was allowed by the lower court, procedures far more extensive than those had in the case before us prior to the entry of the discontinuance here. We cannot overlook the fact that the case before us had been listed for trial and a pretrial conference when the discontinuance was entered.

We do not think that the principles stated in the Brown case were intended by the Supreme Court to be limited to the factual situation in that case, although the court did say, at page 158:

"By no means should the court below have permitted the plaintiffs to discontinue the action, over the defendant's objection, after the extent of the litigation to which they had subjected the defendant in a competent

and convenient jurisdiction which they voluntarily invoked".

But the court further said, pages 159-60:

". . . However, once the jurisdiction of a competent court has attached, discontinuance of the action ought not to be permitted over objection of the adversary if the only reason for discontinuing is the plaintiff's desire to institute an action for the same cause in another forum. In Mechanics' Bank, etc., v. Fisher, 1 Rawle 341, 347, it was said that 'Whenever, therefore, it appears a party discontinues one suit, for the purpose, merely, of instituting another for the same cause of action elsewhere, the court, on motion, will set aside the discontinuance, and reinstate the former suit, and subject the party to the consequences of his own acts.' The only reason for the discontinuance apparent to the court below in the instant case was that the plaintiffs 'no longer desire to remain here',—certainly not a legally sufficient reason especially if the inconvenience and annoyance to the other party be considered: See Mechanics' Bank, etc., v. Fisher, supra, at pp. 347-348. Here, the discontinuance was improvidently entered and must, therefore, be stricken off".

We construe the Brown case as holding that the factors to be considered in the allowance or refusal of a discontinuance are the legal sufficiency of the reasons for the discontinuance and the extent of the inconvenience, annoyance or preducice to the other party, by reason of the discontinuance. See Pesta v. Barron, supra, where plaintiffs presented legally sufficient reasons for their discontinuance of suit in the common pleas court and institution of an action on the same cause in the Federal court and where it did not appear that the objecting party would be prejudiced or deprived of a substantial right by reason of the discontinuance. The Brown decision also holds

that when the jurisdiction of a competent court has attached, plaintiffs' desire to leave that forum, and institute an action for the same cause in another forum, is not a legally sufficient reason for the discontinuance.

Plaintiffs in the case before us have not shown of record any reasons for the institution of the action in the Federal court, which was commenced 10 months after the institution of the action here, nor for the discontinuance of the action here, which occurred 16 months after the start of this action, and six months after the institution of the action in the Federal court. Not having established a legally sufficient reason for what they have done, it follows that the procedures to which defendant was subjected by reason of the Federal court action have resulted in unreasonable inconvenience, vexation and harassment, if not prejudice, to him. Rule 229 (c) is designed for the protection of a party against prospective inconvenience, vexation, harassment, expense and prejudice, not to punish one party for such inconvenience, vexation, harassment, expense or prejudice as he may have caused another. Defendant has not shown that he will be subjected to further unreasonable inconvenience, vexation, harassment, expense or prejudice by reason of the discontinuance of the action here and the further prosecution of the action in the Federal court. On this state of the record we believe that no one of the parties will be prejudiced by an order setting aside the discontinuance of the action in this court, thus placing them where they were prior to the entry of the discontinuance. By so doing, this court and the United States District Court will have jurisdiction of the cause; neither action need be abated by reason of the pendency of the other: Thompson, Trustee v. Fitzgerald, 329 Pa. 497. Thus, the parties, upon being ready for trial may proceed thereto in the court hav-

ing the more current trial list. Our order to be herewith entered striking the discontinuance will be interlocutory and unappealable (Kline v. State Public School Building Authority, 396 Pa. 281), and will occasion no delay in the listing of this case for trial.

In accordance with the foregoing, we enter the following

ORDER

And now, July 12, 1967, the rule to show cause why plaintiffs discontinuance of the herein captioned action should not be stricken off is made absolute and it is ordered and directed that the discontinuance be stricken off.