**Hardy v. City of Philadelphia**

*Arnold Winicov,* of *Yaskin & Winicov,* for plaintiffs.

*James Boyle,* City Solicitor, for defendant.

No one appeared for additional defendant.

SPORKIN, J., June 11, 1974.—This matter is before the court upon a complaint in trespass by Deidre Hardy and Gretchel Singleton, Geneva Church and Donna Wormly and Eleanor Robinson (plaintiffs) and against City of Philadelphia (City). Subsequently City attempted to join Steven Waller as "Proposed Additional Defendant," and Deidre Hardy as additional defendant.[1]

---

[1] As stated, City attempted to join Steven Waller and Deidre Hardy as additional defendants. City also filed a crossclaim against Waller alleging that Waller was negligent, and that Waller caused the accident to occur. The sheriff's return on said response, however, indicates that service was made on March 7, 1973,

The gravamen of the complaint is that a police car, operated by a policeman acting in the scope of his authority and, in the course of his business for the City, made a "U" turn on Broad Street between Erie Avenue and Ontario Street, in Philadelphia, and struck a vehicle, causing it to collide with an automobile operated by one of the plaintiffs, Deidre Hardy, and in which the remaining plaintiffs were passengers. City filed an answer stating that it "is advised by counsel and therefore avers that all the averments of the complaint are denied and deemed to be at issue under the Rules of Civil Procedure," and asserted new matter averring, inter alia, that the motor vehicle of City was being operated in response to "an emergency situation," and that it was "engaged in the purpose of a governmental function which renders the City of Philadelphia immune from civil liability." To said new matter, plaintiffs filed no response.

The case came before this court for trial on March 25, 1974, and was bifurcated as to issues of liability and issues of damages, and testimony was accordingly presented on the question of liability only. At the close of its case, City moved for admission of the averments in its new matter, arguing that such statements, not having been denied by plaintiffs, stand as admitted. Upon consideration of the testimony and evidence adduced at trial, of the briefs and of the arguments of counsel, we believe that the issue of liability must be resolved in favor of plaintiffs and against City. We do not, however, find that the "Proposed Additional Defendant,"

at 10:45 a.m. on one Patricia Armpriester, whose relation to Steven Waller was that of "companion." The record does not divulge any action by our courts on the validity of such service or of the complaint itself. It is to be noted, however, that in all subsequent pleadings, said Steven Waller has been referred to as "Proposed Additional Defendant," and the report and award of the panel of arbitrators in this case included Steven Waller in its findings.

Steven Waller, was negligent or liable in this cause of action.

As stated previously, City averred in its new matter that it is immune from civil suit in the instant case, and further that the vehicle in question, operated on city business, was acting pursuant to an "emergency" situation. City contends that, no answer having been filed by plaintiffs to those averments, the case against plaintiffs must be dismissed. With this argument we do not agree. In the recent case of Ayala v. Philadelphia Board of Public Education, 453 Pa. 584, 305 A. 2d 877 (1973), our Pennsylvania Supreme Court ruled that governmental immunity from civil suit has been abolished in Pennsylvania. It is, therefore, clear to us that no response was required from plaintiffs to the argument by City that it is immune from suit.

Further, it is plain to us that allegations by City, that the policeman was operating the vehicle in question under an emergency, are not properly pleaded here in new matter, but belong, rather, in the *answer* of City to the complaint. Our reading of the Pennsylvania Rules of Civil Procedure and of case law leads us to conclude that this allegation by City is, in effect, a response to averments in the *complaint* that City was guilty of negligence, and, as such, constitutes a *traverse*, not an affirmative defense, and cannot be set up as new matter.

The averments set forth by City in its new matter do not deny the allegation by plaintiffs that City was guilty of negligence. Instead, the assertion of the principle of the "emergency doctrine" by City merely has the effect of urging that City be held to a lower standard of care in determining whether its acts amounted to negligence and, therefore, constitute simply explanatory matter in response to the claim by plaintiff that defendant was acting negligently. Nor would the asser-

tion by City that its agent was acting under an emergency, even if believed, relieve City of liability.

In Kine v. Forman, 404 Pa. 301, 304-05, 172 A. 2d 164 (1961), a petition was made to strike off a judgment obtained on a note, signed by defendants and made payable to plaintiff, Kine, and one Oscar Rosenbaum. Paragraph 5 of that petition averred that the said note was entered without authority of the said Dr. Kine. Rosenbaum alleged, in his answer, that he was the sole owner of the judgment note since he had purchased Dr. Kine's interest in the note prior to the latter's death and that there was an oral assignment of the note by Dr. Kine to him. Petitioners then argued that the answer of Rosenbaum was not responsive to the petition and should have been included instead as "New Matter."

In that case, the court held that the matter pleaded was "not something different and extrinsic from purely defensive matter. At best, [it is] but further explanatory matter": 404 Pa., at 305. The court held in Kine that the averments pleaded by Rosenbaum were pleaded in traverse, and did not constitute "New Matter." We believe that the holding of the court in Kine is controlling in the present situation, where, as noted previously, the averment by City that its agent was acting in an emergency matter amounts merely to a denial that it was negligent, and acts, in further explanation of that denial, as an argument that a lowered standard of care should be applied to City. To such allegations and averments in traverse, plaintiff is not obliged to reply: Moore v. Prudential Insurance Company of America, 342 Pa. 570, 572, 21 A. 2d 42 (1941). See also cases cited therein.

Moreover, even if the allegations and averments as discussed above *did* require a response by plaintiffs, and without such response stand as admitted, we must

still find, upon a review of the record, in favor of plaintiffs and against City in this matter. It is well established that a defendant operating under conditions of emergency is held to a reduced standard of care by that defendant to plaintiff, but is not relieved of *all* duty of care to plaintiff. It is unsettled whether, with the abolition of governmental immunity, the agent of a municipality will be held to the same standard of care as its citizens, but our courts have long held that where a police officer, operating under a situation of emergency, acts with reckless disregard for the safety of the public, such actions incur liability upon the City: Roadman v. Bellone, 379 Pa. 483, 108 A. 2d 754 (1954); Cavey, to use, v. Bethlehem, 331 Pa. 556, 1 A. 2d 653 (1938); Mashinsky v. Philadelphia, 333 Pa. 97, 3 A. 2d 790 (1939). In the case at bar, plaintiffs were at a standstill when, as indicated heretofore, the police car in question made a "U" turn and then struck another automobile, which collided with the vehicle in which plaintiffs were driving or were passengers. The officer, we find, could have made the turn without causing a collision. We find, as a fact, that the manner in which the police officer operated his car amounted to negligence even under circumstances of emergency and, indeed, exhibited a reckless disregard for the safety of plaintiffs.

Accordingly, in the light of the foregoing discussion, we adjudicate the issue of liability as follows:

1. Plaintiffs, Deidre Hardy and Grethel Singleton, Geneva Church and Donna Wormly and Eleanor Robinson, have proved by a fair preponderance of the evidence their respective rights to recover damages from defendant City of Philadelphia.

2. None of the plaintiffs were guilty of contributory negligence.

3. Defendant, City of Philadelphia, was guilty of negligence which was a proximate cause of plaintiffs' damages.

4. "Proposed Additional Defendant" Steven Waller was not guilty of negligence which was the proximate cause of plaintiffs' damages.

5. Verdict shall be entered in favor of plaintiffs and against the City of Philadelphia in an amount to be determined after a hearing on the issue of damages.

Finally, as to the crossclaim asserted by City against "Proposed Additional Defendant" Steven Waller, although such claim is open to the same potential arguments as to service, as were discussed previously, it is obvious from our findings above that, even assuming that the crossclaim was properly alleged, such claim must fail in view of our express findings that City itself was negligent and that Steven Waller was not negligent. Such negligence of City, as to its claim against Steven Waller, would amount to contributory negligence and would, therefore, bar recovery by City against "Proposed Additional Defendant" Steven Waller. Similarly, in view of our finding that Deidre Hardy was not negligent, verdict will be entered in her favor in her capacity as additional defendant, assuming, as discussed earlier, that she has been properly joined.