## Yoder v. Smith

*E. James Lucht*, for petitioner.
*David E. Holland*, for respondents.

NYGAARD, *J.*, November 25, 1981—The court has been presented with petitions to open two judgments entered against defendants for their alleged nonpayment of notes signed by them in connection with real estate transactions.

A procedural matter must be dealt with before reaching the merits. Plaintiff-respondent, Christine Yoder, claims that defendant-petitioners did not take depositions after she ruled them to do so under Pa.R.C.P. 209. If so, the result of this failure is that the cause must be decided on petition and answer, and the averments in the answer must be taken as true against the petition. Pa.R.C.P. 209; 1 Goodrich-Amram 2, §209:2. If this is done, respondent Yoder argues, the facts and denials set out in the answer negate any defenses presented in the petition, and the petition should be dismissed.

The Smiths did, however, conduct discovery. A set of interrogatories was sent to respondent Yoder, though not within 15 days of the entry of the Rule Absolute. The sequence of events is as follows:

May 26, 1981: Motion for Rule to Show Cause why petitioners should not proceed with depositions; Rule entered.

May 28, 1981: Rule made absolute.

June 12, 1981: Last day of 15-day period after Rule made absolute.

June 16, 1981: Interrogatories filed with prothonotary and matter placed on the argument list by the petitioners.

Pa.R.C.P. 209 says that if a petitioner does not

proceed within 15 days after the answer if filed to set a case for argument or commence discovery, respondent may rule him to do so, and if, 15 days after this rule has been made absolute, petitioner still has not acted, respondent may place the case on the argument list. Once he does so, no discovery is permitted, and petitioner is held to have admitted the facts averred in respondent's answer. If respondent chooses to follow strictly the procedure under Rule 209, then its operation is mandatory against petitioner. Kline v. Forman, 404 Pa. 301, 302, 172 A. 2d 164 (1961). But, the passing of 15 days does not of itself put the rule in effect, i.e., Pa.R.C.P. 209 is not self-executing. The language of 209 requires that respondent wait at least 15 days, but nothing in the rule prevents him from waiting for a longer length of time before ruling petitioner to proceed, in the first instance, or setting the case down for argument after a rule absolute is entered. Any days in excess of 15 are a grace period for petitioner, who, after being ruled to proceed, has until respondent places the case on the argument list to begin discovery. After 15 days, however, petitioner delays discovery at his own risk, for respondent can cut off his right to do so at any time by scheduling the case for argument.

In this case, the rule upon the Smiths to proceed with depositions was made absolute on May 28, 1981. Interrogatories were not filed until June 16, four days after the 15-day period expired. Respondent Yoder could have placed this case on the argument list on June 12, when the 15 ays ended, but did not. When the Smiths filed their interrogatories, the case had not been entered on the argument list. They themselves put the case on the list on June 16. Since they did conduct discovery within the time allowed, Pa.R.C.P. 209 does not operate against

them. The court concludes that this case is not to be decided solely on petition and answer, and the averments of the answer are not to be automatically taken as true.

The court now reaches the substantive question: whether the facts in the petition, answer and supporting interrogatories make out a jury issue as to the Smiths' defense. Pa.R.C.P. 2959(e). The Smiths claim they paid for the property by checks made out to respondent Yoder or to Yoder and Associates, the real estate agency of her then-husband, William; and in kind, by transferring building materials to Yoder and Associates. Petitioners allege that William Yoder and his agency, Yoder and Associates, acted as respondent Yoder's agent in accepting these payments. Respondent Yoder denies the existence of the agency relationship, claiming that she never received any payment for the property and that the endorsements on the checks made out to her are forgeries.

The interrogatories do not specifically support any of the allegations of the Smiths but they do give an impression that respondent Yoder was largely unaware of the details of real estate transactions involving property owned by her, or jointly by her and William Yoder. This makes more believable the Smiths' assertion that William Yoder was her agent in transactions concerning the notes upon which judgments were entered in this case.

However, the facts in the record do not allow a conclusion that there was or was not an agency relationship between William and Christine Yoder as a matter of law. There is therefore a jury issue that justifies opening the judgments.

Petitioners also ask for leave to join an additional defendant and for a stay of all proceedings pending the opening of the judgments.

The former may be unnecessary, since petitioners should have 60 days from the date the judgments are opened to join additional parties as of right, pursuant to Pa.R.C.P. 2252(a). See Pa.R.C.P. 2960; 8 Goodrich-Amram 2, §2960:1; Municipal Authority of Borough of Lewistown v. Chicago Bridge & Iron Co., 54 D. & C. 2d 691 (1971). Since there is no definite ruling on this point, however, the court takes the precaution of granting this petition. Because the court is opening the judgments, the petition for a stay is moot.

## ORDER

And now, November 25, 1981, it is ordered, adjudged and decreed that the petitions to open the judgments are granted; the petition for leave to join an additional defendant is granted; petitioners to proceed under Pa.R.C.P. 2252; and the petition to stay all proceedings is denied.