Horvath *v.* Morrison et al., Appellants.

Argued January 28, 1942. Before SCHAFFER, C. J.; MAXEY, DREW, LINN, STERN, PATTERSON and PARKER, JJ.

*Edward J. Fox, Jr.,* with him *David B. Skillman,* for appellants.

*Leighton R. Scott,* for appellee.

OPINION BY MR. JUSTICE DREW, March 23, 1942:

Marian Horvath, plaintiff, brought this action of trespass against Russell J. Morrison, trading as Morrison's Electric Shop, vendor, and the General Electric Company, manufacturer of an electric washing machine and wringer, to recover damages for an injury to her hand suffered when it became caught in the wringer. After a compulsory nonsuit had been entered in favor of the General Electric Company, in which plaintiff acquiesced, the case against the remaining defendant was submitted to the jury, which returned a verdict of $500. The court en banc entered judgment n. o. v., but this was reversed by the Superior Court, and judgment was there directed to be entered on the verdict. An appeal was then allowed to this Court.

Although much of plaintiff's testimony was contradicted, we shall in view of the jury's verdict assume as

true all evidence and inferences favorable to her. On February 4, 1936, plaintiff purchased from defendant a General Electric washing machine and wringer which was equipped with a wringer release designed to stop the rolls and release the pressure when the handle was pushed to a vertical position. Three times during 1936, whenever bulky objects, such as blankets or sheets, were being put through the rollers, the release failed to function, and plaintiff each time made complaint to defendant, but the latter was unable to remedy the defect. Plaintiff then stored the machine and did not attempt to use it until May 23, 1938, when she again had the same trouble operating the release. On being notified, defendant sent his chief mechanic to plaintiff's home. He operated the release and told plaintiff it was "all right". Plaintiff thereupon said: "I will show you how difficult it is for a woman to release, even without clothing in", and, while she was in the act of demonstrating the correctness of her opinion, her right hand got caught between the wringer rolls, the release failed to operate, even though she pushed it as hard as she could, and the injury to her hand resulted.

The learned trial court entered judgment n. o. v. on the ground that plaintiff was contributorily negligent as a matter of law. The Superior Court based its reversal on language contained in *Ebbert v. Phila. Elec. Co.,* 126 Pa. Superior Ct. 351, where it was said in affirming the trial court's refusal to enter judgment n. o. v. for defendant (p. 365) : "We cannot say as a matter of law that one who has his fingers caught in a wringer is negligent. That question was for the jury." The judgment in that case was affirmed on appeal: *Ebbert v. Phila. Elec. Co.,* 330 Pa. 257. The Superior Court's language must of course be limited to the facts of the case before it, and when taken in its context it does not convey the broad meaning advanced by plaintiff. "It is a maxim, not to be disregarded, that general expressions, in every opinion, are to be taken in connection with the case in which

those expressions are used. If they go beyond the case, they may be respected, but ought not to control the judgment in a subsequent suit, when the very point is presented for decision": *Cohens v. Virginia*, 6 Wheaton, 264, 399; *Kates's Estate*, 282 Pa. 417, 424. However, it would be absurd to say, or to pretend that the Superior Court meant to say, that it can never be said as a matter of law that one who has his fingers caught in a wringer is negligent. The instant case will serve as an example that the opposite is true when the undisputed facts show that such person is clearly negligent.

In the *Ebbert* case plaintiffs had purchased an electric washing machine and wringer equipped with a "Touch Release", which was supposed to separate the wringer rolls at a mere touch of the hand. When the machine was bought in September, 1934, defendant had demonstrated the release by touching one end of it, and it operated perfectly. After Mrs. Ebbert had used the wringer once a week for almost three months, she had occasion for the first time on December 12, 1934, to make use of the release when her fingers caught while she was wringing a bathrobe. She pressed the release several times, but it failed to disengage her hand. It appeared that a bent cam shaft was responsible for its failure to operate when pressure was applied. Clearly plaintiff there could not be said to be negligent as a matter of law. She had a right to act on the assumption that the release would function, and to feel secure in the thought that if in the course of her work her fingers did come too close and catch in the rolls, she could easily stop the machinery and release the pressure before being injured. In such a situation the Superior Court was quite correct in saying that one who has his fingers caught in a wringer cannot be said to be negligent as a matter of law.

The striking and distinguishing feature of the present case is plaintiff's knowledge that the release would not function. Although defendant's mechanic said it would,

her very next words show beyond any doubt that she not only did not believe him and did not rely on his representation, but, on the contrary, that she was endeavoring to persuade him that the release was still not in working order. On cross-examination she testified: ". . . I think it was my duty to try to prove to them that this washer was inefficient, because I told them numerous—". She was not in the act of wringing clothes, as Mrs. Ebbert had been. Obviously under such circumstances plaintiff was required to exercise sufficient care to keep her hands out of the apparatus which she knew was sure to harm her if they were caught in it. She therefore does not occupy the position of the innocent and unsuspecting plaintiff in the *Ebbert* case, but falls within the rule that one who, in the absence of a sudden emergency or stress of peril, is inattentive to an obvious condition which contains a risk of injury is negligent as a matter of law: *Mammana v. Easton Nat. Bank*, 338 Pa. 225; *Wessner v. Blue Ridge Trans. Co.*, 338 Pa. 161; *Szanborsky v. Armour & Co.*, 306 Pa. 525. By her own conduct, with full knowledge, she definitely assumed the risk.

We therefore conclude that the trial court was correct in entering judgment n. o. v. for defendant on the ground that plaintiff was guilty of contributory negligence as a matter of law. This disposition of the case renders it unnecessary to discuss any of the other points raised.

The judgment of the Superior Court is reversed and that of the Court of Common Pleas of Northampton County is reinstated, plaintiff to pay the costs.