371 A.2d 908

**K OF C PHILADELPHIA FEDERAL
CREDIT UNION, Appellant,**

v.

**Albert A. NICOLO and Elvira
Nicolo, Appellee.**

Superior Court of Pennsylvania.

Submitted Sept. 22, 1976.

Decided March 31, 1977.

420

Robert H. Dickman, Philadelphia, for appellant.

No appearance entered nor brief submitted for appellees.

Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT and SPAETH, JJ.

JACOBS, Judge:

A judgment by default was entered against appellee in this assumpsit action. The lower court opened the judgment on petition of appellee. We hold that the lower court abused its discretion and we reverse.

The appellant filed a complaint in assumpsit against the appellee and her brother [1] on June 26, 1975, alleging that the appellee had executed two notes in favor of the appellant and had defaulted in payment of her obligations thereunder. Personal service of the complaint was effected on the appellee on July 10, 1975. On August 7, 1975, twenty-eight days after service, appellant caused judgment by default to be entered against the appellee for failure to file an answer to the complaint. Damages were assessed at $8,779.91 and notice was sent to the appellee in accordance with Pa.R.C.P. No. 236. On February 24, 1976, damages were reassessed to reflect a $1,000 credit and execution was issued against the real property owned by the appellee. Notice was sent to the appellee in accordance with Pa.R.C.P. No. 3129. On March 31, 1976, or 236 days after notice of entry of the default judgment was sent to the appellee, the appellee filed a

1. The brother of the appellee is not a party to this appeal.

petition for a rule to show cause why the judgment should not be opened. The lower court allowed the petition and stayed all proceedings. This petition incorrectly referred to the judgment as one that was taken pursuant to a cognovit clause and raised two defenses: First, that the appellee did not execute one of the notes and secondly, that she had received no notice of any of the proceedings against her. The appellant filed an answer to this petition on April 13, 1976, which denied that a confessed judgment had been taken, reiterated that a default judgment had in fact been taken because of the appellee's failure to file an answer to its complaint and stated that the appellee had executed the notes and that notice of all the proceedings had in fact been given to the appellee. On April 26, 1976, the lower court entered an order making the rule absolute and opened the judgment. This appeal followed.[2]

■■ It is axiomatic that a petition to open a judgment in assumpsit is a matter of judicial discretion, is an appeal to the court's equitable powers and is to be granted only when three factors coalesce: The petition has been promptly filed, a meritorious defense is shown and the failure to appear is reasonably explained. *Balk v. Ford Motor Co.*, 446 Pa. 137, 285 A.2d 128 (1971); *Jost v. Phoenixville Area School District*, 237 Pa.Super. 153, 346 A.2d 333 (1975). Under the facts of this case it is clear that the unexplained 236 day delay between the notice of the entry of the default judgment and the petition to open the judgment renders the appellee's petition untimely. *See Ruczynski v. Jesray Const. Corp.*, 457 Pa. 510, 326 A.2d 326 (1974) (5 month delay); *Myers v. Mooney Aircraft, Inc.*, 429 Pa. 177, 240 A.2d 505 (1967) (16 month delay); *Jost v. Phoenixville Area School District*, 237 Pa.Super. 153, 346 A.2d 333 (1975) (5 month

---

2. Despite repeated efforts by our Prothonotary the appellee has refused to file a brief.

delay); *Reliance Ins. Companies v. Festa,* 233 Pa.Super. 61, 335 A.2d 400 (1975) (71 day delay).

Additionally, the failure of the appellee to take depositions pursuant to Pa.R.C.P. No. 209(b) after receiving the appellant's answer to their petition, effectively resolved any questions of fact in favor of the appellant and thus eliminated the defenses raised in their petition. *Smith v. Dale,* 405 Pa. 293, 175 A.2d 78 (1961); *White v. Alston,* 231 Pa.Super. 438, 331 A.2d 765 (1974); *Kessler v. Cardonick,* 229 Pa.Super. 97, 323 A.2d 378 (1974); *Ifft v. Hunter,* 202 Pa.Super. 487, 198 A.2d 436 (1964).

Order reversed.