378 A.2d 365

**Jack LANDIS, Appellant**

v.

**John J. RICHMOND.**

Superior Court of Pennsylvania.

Submitted June 13, 1977.

Decided Oct. 6, 1977.

Herman Bloom and Herbert K. Fisher, Philadelphia, for appellant.

Jay H. Rosenfeld, Philadelphia, for appellee.

Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT and SPAETH, JJ.

JACOBS, Judge:

■ This is an appeal from a lower court order opening a confessed judgment. Such an order will be reversed only if there has been an abuse of discretion by the lower court. *Wenger v. Ziegler*, 424 Pa. 268, 226 A.2d 653 (1967). We find an abuse of discretion and reverse.

Judgment for the amount of $4,551.36 was confessed on May 1, 1975. Notice was sent to appellee. Appellee was adjudged incompetent on July 15, 1975, and a guardian was appointed. The guardian, as well as appellee's counsel, had notice of the entry of the judgment. On October 14, 1976, a petition to open the judgment was filed by appellee, more than seventeen months after the judgment was entered and fifteen months after the guardian and appellee's counsel had notice of the judgment.

■■ The court may exercise its discretion to open a judgment when "[t]he petition [to open] has been promptly filed, a meritorious defense is shown and the failure to appear is reasonably explained." *K of C Philadelphia Federal Credit Union v. Nicolo*, 246 Pa.Super. 419, 421, 371 A.2d 908, 909 (1977) (citations omitted). Absent some explanation, a fifteen to seventeen month delay in filing a petition to open renders the petition untimely. *See K of C Philadelphia Federal Credit Union v. Nicolo,* supra, and cases cited therein. No explanation was averred in the petition to open. Whether or not a meritorious defense was set forth is thus irrelevant. The lower court abused its discretion in granting relief to a petitioner who failed to act with reasonable promptness.

Order reversed.