474 A.2d 635

## TONY PALERMO CONSTRUCTION

v.

## Samuel P. BROWN and Rhona E. Brown, his wife, Appellants.

Superior Court of Pennsylvania.

Argued Oct. 27, 1983.

Decided April 27, 1984.

Michael T. Joyce, North East, for appellants.

Robert J. Kelleher, Erie, for appellee.

Before CAVANAUGH, JOHNSON and MONTGOMERY, JJ.

JOHNSON, Judge:

This appeal is brought from an order denying a petition to open a confessed judgment. The judgment had been filed on June 10, 1974 against both appellants, based upon an installment judgment note dated May 4, 1973 in the total sum of $15,999.60. The note provided for monthly pay-

ments of $133.33 over a ten year period, which payments were subject to the terms of a home improvement installment contract.

After filing the judgment note of record, the plaintiff, Tony Palermo Construction (Appellee), took no further action. On November 8, 1977, the defendants (Appellants) filed their petition to open the judgment. The petition contained the following averments, properly verified by Appellants' counsel:

3. Your Petitioners have a meritorious defense to the claim, to-wit:

That Plaintiff did not perform any work under the Home Improvement Installment Contract and therefore cannot claim judgment upon a Note made subject to said contract.

4. Opening the judgment will not in any way prejudice the claim of the Plaintiff, who has done nothing but confess judgment on a Note.

At no time since the issuance of the rule to show cause on November 9, 1977 has the Appellee filed any answer or response to the allegation that Appellee did not perform any work under the home improvement contract or that opening the judgment would not in any way prejudice its claim.[1] Although the trial court issued the rule to be "returnable at the next call of the argument list," the matter was not praeciped to the argument list until October 1982, and then by Appellee.

On February 25, 1983, the court denied the petition on the grounds that Appellants had "failed to properly allege any legally sufficient explanation for their three and one-half year delay in filing this petition." At the time of the entry of the order denying the prayer to open the judgment, and prior to the November 1982 argument list at which the case was presumably heard, Appellants had filed of record their Brief in support of the petition in which it was expressly

---

1. We note as well that at oral argument, counsel for Appellee declined to suggest that any work had, in fact, been performed under the contract.

stated that Appellant Rhona E. Brown was never informed nor did she receive notice of the judgment until November 1977, immediately after which she sought legal counsel and the petition to open was filed.

■ It is well-established that a petition to open a judgment by confession is an appeal to the sound discretion of the trial court. *Tenreed Corp. v. Philadelphia Folding Box Co.*, 256 Pa.Super. 49, 389 A.2d 594 (1978). The exercise of this discretion will not be reversed in the absence of a manifest abuse of this discretion. *Lincoln Bank v. Kelly*, 282 Pa.Super. 261, 422 A.2d 1106 (1980).

■ The law is clear that one who petitions to open a confessed judgment must act promptly and offer a meritorious defense. *First National Bank of Fryburg v. Kriebel*, 311 Pa.Super. 428, 457 A.2d 961 (1983). There can be no dispute that Appellants' petition sets forth a meritorious defense which has not been denied by Appellee.

■ The crucial factor in determining whether such a petition is *timely* is not the specific time which has elapsed, but the reasonableness of the explanation given for the delay. *Lincoln Bank v. C & H Agency, Inc.*, 500 Pa. 294, 456 A.2d 136 (1982). The timeliness of a petition to open is measured from the date notice of judgment is received. *Hutchison v. Hutchison*, 492 Pa. 118, 422 A.2d 501 (1980). Appellants have explained their delay in filing the petition in their Brief, as submitted of record below.

■ However, Appellants failed to set forth any averment in their petition to explain the long delay in filing the petition. This court held in *Landis v. Richmond*, 249 Pa.Super. 418, 378 A.2d 365 (1977), that where a petition to open a confessed judgment some 17 months after entry of judgment failed to explain the delay in the *petition*, the lower court abused its discretion in granting relief to petitioner. The court also held that whether or not a meritorious defense was set forth in the petition was irrelevant, absent an explanation for the delay.

While Appellant Rhona E. Brown would urge upon us the inequity of denying the petition to open, based on the allegations made in Appellants' brief to the trial court that she never received actual notice until some time in 1977, such urging cannot justify the failure to include the proper averments in the petition to open.

We therefore hold that Appellants' failure to include, in their petition, an averment as to the reasons for the extensive delay in filing their petition was fatal. The inclusion of such information in a brief is insufficient, as the trial court could not accept facts from a party's brief as evidence and use those facts as a basis for decision. *W.W. Grainger, Inc. v. W.C. Ruth & Son*, 192 Pa.Super. 446, 161 A.2d 644 (1960). The trial court did not abuse its discretion in denying the petition.

Order affirmed.