663 A.2d 783

**LESWAT LIGHTING SYSTEMS, INC., Appellant,**

**v.**

**LEHIGH VALLEY RESTAURANT GROUP, INC., Appellee.**

Superior Court of Pennsylvania.

Argued June 15, 1995.

Filed Aug. 23, 1995.

Edward H. McGee, Allentown, for appellant.

Jeffrey D. Lobach, York, for appellee.

Before POPOVICH, JOHNSON and HOFFMAN, JJ.

POPOVICH, Judge:

This is an appeal from the order of August 10, 1994, entered in the Court of Common Pleas of Lehigh County dismissing the complaint filed by Leswat Lighting Systems, Inc. ("Appellant") against Lehigh Valley Restaurant Group, Inc. ("Appellee"). In this matter, we are asked to determine whether appellant is barred from bringing an action in Pennsylvania on the ground that it lacks a certificate of authority to do business in this Commonwealth. We affirm.

We recount the history of this case as follows: On May 25, 1994, appellant filed a complaint that contained the following allegations:

1. The [Appellant], ..., is a corporation with an office located at 2022–E South Grand Avenue, Santa Ana, California, 92705.

2. The [Appellee], ..., is a Pennsylvania corporation with an office located at 4688–A Broadway Allentown, Lehigh County, Pennsylvania, 18104.

3. An agreement was entered into between the [Appellant] and [Appellee] whereby the [Appellant] was to provide energy efficient lighting products for a price of $25,855.18 as indicated in the quotation form attached hereto as Exhibit "A". The quotation form and the instructions from [Appellee] indicates that the bills should be invoiced to WBG Construction, Inc. Following the original order, additional orders were placed for energy efficient lighting products for

a total price of $26,909.96 as indicated on the copies of the invoices attached hereto collectively as Exhibit "B".

4. [Appellant] has delivered the energy efficient lighting products to WBG Construction, Inc., at the address of 4688–A Broadway, Allentown, Lehigh County, Pennsylvania at the direction of the [Appellee].

5. Defendants have paid nothing toward the $26,909.96 due.

6. [Appellant] has demanded of [Appellee] that the account be paid. [Appellee] has so far refused. This is the fair and reasonable value of the goods provided by the [Appellant] on behalf of the [Appellee] and at the [Appellee's] direction.

WHEREFORE, the [Appellant] demands judgment against [Appellee] in the amount of $26,909.96, plus interest and costs.

R. 1.[1]

Thereafter, appellee filed preliminary objections requesting a dismissal of the complaint on the basis that appellant lacked the capacity to institute suit in Pennsylvania. Appellee alleged that appellant had not applied for and had not been issued a certificate of authority to do business in the Commonwealth. R. 4.[2]

On August 10, 1994, the court below entered an order sustaining the preliminary objections and dismissing the complaint. The lower court found that appellant failed to secure a certificate of authority and thus lacked the capacity to bring action in Pennsylvania. R. 7. This timely appeal ensued.

"On review, we must determine whether the complaint's factual allegations, if proven, would be sufficient to entitle appellant to relief. In making that determination, we accept as true all well-pleaded facts and the reasonable inferences to

1. Appellee engaged WBG Construction, Inc., a general contractor, for the construction of a restaurant in Allentown. Appellant sent the invoices to WBG's address in New York, NY.

2. Appellee also requested that the complaint be dismissed or stricken because appellant failed to comply with Pa.R.Civ.P. 1024, 42 Pa. C.S.A.R. 4.

be drawn therefrom." *Parano v. O'Connor,* 433 Pa.Super. 570, 574, 641 A.2d 607, 609 (1994), citing *Gordon v. Lancaster Osteopathic Hospital Assoc.,* 340 Pa.Super. 253, 260, 489 A.2d 1364, 1368 (1985). "[P]reliminary objections should be sustained and a complaint dismissed only in cases which are clear and free from doubt." *Croom v. Selig,* 318 Pa.Super. 206, 210, 464 A.2d 1303, 1305 (1983), quoting *Harkins v. Zamichieli,* 266 Pa.Super. 401, 404–05, 405 A.2d 495, 497 (1979) (citations omitted).

Herein, appellant raises the following issue for our evaluation: "WHETHER THE [APPELLANT'S] COMPLAINT SHOULD HAVE BEEN DISMISSED BASED ON A LACK OF REGISTRATION AS A FOREIGN CORPORATION EVEN THOUGH THE MATTER SUED UPON WAS A SALES ORDER ACCEPTED OUTSIDE THE COMMONWEALTH OF PENNSYLVANIA AND IN INTERSTATE COMMERCE." Appellant's Brief at 3.

Section 4141(a) of the Pennsylvania Business Corporation Law ("PBCL") states in pertinent part:

**§ 4141. Penalty for doing business without certificate of authority**

**(a) Right to bring actions or proceedings suspended.—** A nonqualified foreign business corporation *doing business* in this Commonwealth within the meaning of Subchapter B (relating to qualification) shall not be permitted to maintain any action or proceeding in any court of this Commonwealth until the corporation has obtained a certificate of authority. . . .

15 Pa.C.S.A. § 4141(a) (emphasis added).

Appellant does not dispute the fact that it failed to apply for and obtain a certificate of authority. Appellant maintains, however, that it was not required to secure a certificate of authority because it was not doing business in Pennsylvania. To buttress its argument, appellant directs our court's attention to § 4122(a)(6) and (9) of the PBCL which provide:

**§ 4122. Excluded activities**

**(a) General rule.**—Without excluding other activities that may not constitute doing business in this Commonwealth, a foreign business corporation shall not be considered to be doing business in this Commonwealth for the purposes of this subchapter by reason of carrying on in this Commonwealth any one or more of the following acts:

\* \* \* \* \* \*

(6) Soliciting or procuring orders, whether by mail or through employees or agents or otherwise, and maintaining offices therefor, where the orders require acceptance without this Commonwealth before becoming binding contracts.

\* \* \* \* \* \*

(9) Transacting any business in interstate or foreign commerce.

\* \* \* \* \* \*

15 Pa.C.S.A. § 4122(a)(6) and (9).

Our examination of the complaint and the attached exhibits reveals that appellant entered into a contract with appellee, a Pennsylvania party, and that from December of 1992, to May of 1993, appellant shipped products to Allentown on approximately six occasions. We construe these facts as within the realm of "doing business" in this Commonwealth and not as excluded activities. *See* Committee Comment to 15 Pa.C.S.A. § 4122 ("any conduct more regular, systematic, or extensive than that described in subsection (a) constitutes the transaction of business and requires the corporation to obtain a certificate of authority"); *Commonwealth by Preate v. Events International, Inc.*, 137 Pa.Commw. 271, 280–81, 585 A.2d 1146, 1151 (1991) (foreign corporations' solicitation of charitable donations by phone calls to donors in Pennsylvania constituted "doing business" in the Commonwealth and was not excepted under § 4122(a)(6) of the PBCL).

Because we find that appellant was "doing business" in Pennsylvania and failed to obtain a certificate of authority, we conclude that the lower court properly determined that it lacked the capacity to institute suit in this Commonwealth.

Hence, we hold that the court below did not commit an error of law in dismissing the complaint.

Order affirmed.