# WAMCO XXV Ltd. v. DeSouza

*Dimitri Karapelou,* for plaintiff.
*Johanna E. Markind,* for defendants.

HERRON, *J.,* April 3, 2001—Plaintiff WAMCO XXV Ltd. entered a judgment by confession against the defendants on a promissory note. At issue are two petitions to strike off or open that judgment—one by defendant Franklin Haaz and one by defendants Gregg and Linda DeSouza. The court denies Haaz's petition because he has not produced sufficient evidence of a meritorious defense. The court denies the DeSouzas' petition because it is untimely.

## FACTS

### I. *The Note*

On February 25, 1992, defendants Gregg DeSouza, Linda DeSouza, Eric DeSouza, Andrea DeSouza and Franklin Haaz executed a promissory note for $176,000 to First Valley Bank. The note secured a loan involving nine pieces of real estate in Philadelphia.

The note was payable in 59 monthly equal installments of $1,698.44—which included principal and 10 percent interest per year—and a final installment of the outstanding balance. The payments were to occur on the first of each month beginning April 1, 1992. Since there were 60 payments, the final payment should have been due March 1, 1997.

The note contained the following warrant of attorney:

"Warrant Of Attorney—Debtor, and each of them if more than one, hereby irrevocably authorizes and em-

powers any attorney or any clerk of any court of record upon the occurrence of an event of default, as specified above, to appear for and Confess Judgment against debtor, or any of them, (a) for such sums as are due and or may become due on the liabilities, and/or (b) in any action of replevin instituted by bank to obtain possession of any collateral securing this obligation or securing any of the liabilities, in either case with or without declaration, with costs of suit, without stay of execution and with an amount not to exceed 15 percent of the unpaid principal amount of such judgment, but not less than $500, added for attorney's collection fees. . . ."

Included in the definition of events of default was "nonpayment when due . . . of any amount payable under the note. . . ." A choice of law provision designated Pennsylvania law as governing the note.

Summit Bank succeeded by merger to the rights of First Valley Bank. Haaz alleges that Summit extended the maturity date of the note by agreements dated March 1, 1997 and April 30, 1997. To support the existence of this extension, Haaz attached three documents to his petition. The first document is an April 22, 1997 cover letter from Summit to Gregg DeSouza stating that Summit is enclosing documents to extend the loan maturity date from March 1, 1997 to June 1, 1997. The purpose of the extension seemed to be to allow the borrowers to forward financial information to Summit so that Summit might consider a five-year extension.

The second document is a "promissory note extension and/or modification and/or renewal agreement" dated April 22, 1997. This document would have extended the maturity date from March 1, 1997 to June 1, 1997 and seems to correspond to the cover letter. The

four DeSouzas—but not Haaz or Summit—signed the April 22 document.

The third document is another "promissory note extension and/or modification and/or renewal agreement" dated March 1, 1997. This document would have extended the maturity date from March 1, 1997 to August 1, 1997. All defendants, including Haaz, signed the March 1 document. Summit did not sign the March 1 document.

Both extension agreements have a provision stating that

"All other terms and conditions of the promissory note dated February 25, 1992 in the original principal amount of $176,000 payable to Summit Bank . . . (formerly known as First Valley Bank) (and as otherwise extended, modified or renewed) remain in full force and effect."

On April 15, 1998, Summit assigned the note to WAMCO.

## II. *WAMCO's Activities in Pennsylvania*

WAMCO is a Texas limited partnership with its offices in Waco, Texas. WAMCO employs another Waco, Texas company, FirstCity Services, to service and collect its loans. FirstCity performs collection activities for WAMCO's Pennsylvania assets out of an office in Conshohocken, Pennsylvania. A services agreement governs the relationship between WAMCO and First-City. FirstCity's duties under the services agreement include collecting loan payments, maintaining records, depositing all funds received into a lockbox account, delivering monthly activity reports to WAMCO, for-

warding invoices to WAMCO for payment, ensuring that obligors maintain required insurance coverage, and perfecting and maintaining security interests. Services agreement ¶1.4. In return, WAMCO pays FirstCity a collection fee. Services agreement ¶1.2.

There is evidence that FirstCity is WAMCO's alter ego or agent, that FirstCity's Conshohocken office is effectively WAMCO's office, and that WAMCO itself conducts intrastate business out of that office: (1) Stephen Daily is vice president of WAMCO's corporate general partner and vice president of FirstCity; (2) Daily refers to WAMCO and FirstCity indiscriminately as "we;" (3) Daily works out of the Conshohocken office; (4) Daily and a secretary are the only personnel in the Conshohocken office; (5) FirstCity services about 10 WAMCO loans out of the Conshohocken office; (6) WAMCO uses only FirstCity to service its loans; (7) two of the 10 loans serviced out of the Conshohocken office are secured by Pennsylvania real estate and two of the loans were, but are no longer, secured by Pennsylvania real estate; (8) the four DeSouzas are Pennsylvania residents.

III. *The Confessed Judgment and the Petitions*

On August 2, 2000, WAMCO filed a complaint in confession of judgment in this court. WAMCO alleges that the note matured on March 1, 1997, that $151,712 in principal remains due, and that defendants are in default of their obligations under the note. On August 10, 2000, WAMCO served the defendants with a written notice of judgment and execution. On September 1, 2000, defendant Haaz filed a petition to strike off or open the judgment against him, and the court issued a

rule to show cause why judgment should not be opened. The court limited discovery on the petition to the issues of (1) whether WAMCO had waived default on the note, and (2) whether WAMCO had complied with the foreign company registration statute. On December 11, 2000, Haaz deposed Stephen Daily, WAMCO's designated representative.

On January 24, 2001, defendants Gregg and Andrea DeSouza filed a petition to strike off or open the judgment.

The court heard oral argument on Haaz's petition on February 6, 2001.

## DISCUSSION

### I. *Legal Standards*

A petition to strike off a confessed judgment is a common-law proceeding that acts as a demurrer to the record. *Resolution Trust Corp. v. Copley Qu-Wayne Associates,* 546 Pa. 98, 106, 683 A.2d 269, 273 (1996). The court may grant a petition to strike off a judgment only if a fatal defect or irregularity appears on the record. *Id.* In considering the merits of the petition, the court is limited to the record of the confessed judgment as filed by the plaintiff, *i.e.,* the complaint and the documents filed with the complaint. *Id.* The court may not consider matters outside of that record. *Id.* If the truth of the factual averments contained in that record are in dispute, the remedy is by petition to open the judgment. *Id.*

A petition to open a confessed judgment is an equitable proceeding addressed to the sound discretion of

the court. *Crum v. F.L. Shaffer Co.,* 693 A.2d 984, 986 (Pa. Super. 1997). Pa.R.C.P. 2959 governs the petition. *Copley Qu-Wayne Associates,* 546 Pa. at 106, 683 A.2d at 273. The court should open a confessed judgment if the defendant acts promptly in filing the petition, alleges a meritorious defense, and presents sufficient clear, direct, precise and believable evidence of the defense to require submission of the issues to a jury. *Id.; Iron Worker's Savings & Loan Association v. IWS Inc.,* 424 Pa. Super. 255, 262, 622 A.2d 367, 370 (1993); *Frankford Trust Co. v. Stainless Steel Services Inc.,* 327 Pa. Super. 159, 163, 475 A.2d 147, 149 (1984). When determining a petition to open the judgment the court may consider evidence outside of the record of the confessed judgment, including testimony, depositions and admissions. *Copley Qu-Wayne,* 546 Pa. at 106, 683 A.2d at 273.

## II. *The Court Denies Haaz's Petition Because No Defect Appears on the Record and Haaz Has Not Presented Sufficient Evidence of a Meritorious Defense to the Judgment*

Haaz makes four arguments for striking off or opening the confessed judgment: (1) Haaz executed the warrant of attorney in favor of First Valley Bank and assignee WAMCO may not exercise that warrant; (2) the parties modified the loan agreement and the modified agreement extinguished the warrant of attorney; (3) as a foreign limited partnership not registered to do business in Pennsylvania, WAMCO may not file suit in Pennsylvania; and (4) WAMCO waived any default by accepting late payments. The court must reject all of these arguments.

## A. As an Assignee of the Note, WAMCO May Exercise the Warrant of Attorney

WAMCO is an assignee of the note.[1] Haaz argues that the court should strike off the judgment because an assignee may not exercise a warrant of attorney. The court disagrees. An assignee of a note has rights equal to the assignor, and the assignee may exercise a warrant of attorney contained in the note. *Kine v. Forman,* 404 Pa. 301, 303, 172 A.2d 164, 166 (1961); *B. Lipsitz Co. v. Walker,* 361 Pa. Super. 238, 245, 252, 522 A.2d 562, 566, 569 (1987). See also, *Botnik v. Chapkis,* 166 Pa. Super. 74, 76, 70 A.2d 401, 402 (1950) (holding that assignee of lease may exercise warrant of attorney contained in lease); *Testa v. Lally,* 161 Pa. Super. 478, 480, 55 A.2d 552, 553-54 (1947) (same); Pa.R.C.P. 2954 (authorizing prothonotary to enter judgment in name of holder, assignee or other transferee). The averments of the record must clearly set forth the assignee's interest in the note. *Botnik,* 166 Pa. Super. at 76, 70 A.2d at 402; *Testa,* 161 Pa. Super. at 481, 55 A.2d at 553; see also, Pa.R.C.P. 2952(a)(4) (requiring complaint in confession of judgment to contain a statement of any assignment of the instrument). The note need not expressly provide for such an exercise, *Botnik,* 166 Pa. Super. at 76, 70 A.2d at 402; *Testa,* 161 Pa. Super. at 480-81, 55 A.2d at 553, but must not forbid it. Pa.R.C.P. 2951(a) (authorizing prothonotary to "enter judgment by confession on a note . . . in favor of the original holder *or, unless expressly forbidden in the instrument, in favor of the assignee . . .*"). (emphasis added)

---

1. Haaz does not dispute that WAMCO is the assignee of the note.

The note does not prohibit an assignee of First Valley from confessing judgment. On the contrary, under "Miscellaneous," the note states that "[t]he rights and privileges of bank under this note shall inure to the benefit of its successors and assigns." The averments of the record clearly set forth WAMCO's interest in the note. In the complaint, WAMCO alleges that Summit is the successor-by-merger of First Valley, and that Summit assigned its interest in the note to WAMCO. WAMCO attached a copy of the assignment papers to the complaint. As assignee of the note, WAMCO had authority to exercise the warrant of attorney contained in the note. *Kine,* 404 Pa. at 303, 172 A.2d at 166; *B. Lipsitz Co.,* 361 Pa. Super. at 245, 252, 522 A.2d at 566, 569.

Summit's assignment of the note to WAMCO is not a basis for striking off the judgment.

### B. Even if WAMCO Extended the Payment Period of the Note, the Extension is Not Ground for Striking Off or Opening the Confessed Judgment

Haaz argues that the court should strike off the confessed judgment because Summit agreed to extend the maturity date of the note and the extension documents do not contain a warrant of attorney.[2] The court disagrees.

---

2. Haaz appears to be invoking a line of cases that hold that a modified contract does not incorporate a warrant of attorney from the original contract unless the parties expressly agreed to incorporate the warrant of attorney. *Solazo v. Boyle,* 365 Pa. 586, 588, 76 A.2d 179, 180 (1950); *Scott v. 1523 Walnut Corp.,* 301 Pa. Super. 248, 257, 447 A.2d 951, 956 (1982); *Egyptian Sands Real Estate Inc. v. Polony,* 222 Pa. Super. 315, 321-22, 294 A.2d 799, 803 (1972).

The court accepts only for the purposes of the argument that an extension occurred and its terms were those outlined in the extension documents. Since these documents are outside of the record of the confessed judgment, the court cannot consider them on a petition to strike off. *Copley Qu-Wayne Associates,* 546 Pa. at 108-109, 683 A.2d at 274-75. Therefore, the extension agreement is not a ground for striking off the judgment.

The court can, however, consider these agreements on a petition to open. *Copley Qu-Wayne Associates,* 546 Pa. at 106, 683 A.2d at 273. For the court to open the judgment, Haaz must allege and present evidence of a meritorious defense to liability. *Id.* According to Haaz, the modified note "called for defendants to make monthly payments in the amount of $1,698.44, through June 1, 1997 or August 1, 1997. Defendants did so. Since then, defendants have continued to make monthly mortgage payments, and plaintiff continued to accept them, until early this year." Petition ¶8.

The written extensions are not a meritorious defense. Even had Summit agreed to extend the maturity of the note, the note would have matured on August 1, 1997 at the latest. Haaz does not allege that the defendants paid off the balance of the note by August 1, 1997. In fact, defendants were still making payments on the note in April 2000, and as of December 2000, defendants still owed $151,712.83 in unpaid principal. See DeSouza aff. ¶¶2 and 3; DeSouza check no. 1027; and account invoice, 12/1/00.

The alleged extension is not a basis for striking off or opening the judgment.

## C. WAMCO Was Not Required to Register in Pennsylvania Because It Does Not Do Business in Pennsylvania

Haaz argues that WAMCO lacks capacity to sue in Pennsylvania because WAMCO is not registered to do business in Pennsylvania. The court disagrees. Haaz has not met his burden of demonstrating that WAMCO is doing business in Pennsylvania.

### 1. *The failure of a plaintiff foreign company to register to do business when required is a meritorious defense to a confessed judgment*

An unregistered foreign limited partnership doing business in Pennsylvania lacks capacity to sue in Pennsylvania's courts. 15 Pa.C.S. §§8582 and 8587(a); *Leswat Lighting Systems Inc. v. Lehigh Valley Restaurant Group,* 444 Pa. Super. 281, 284, 663 A.2d 783, 784-85 (1995). If the company does bring suit, the defendant may raise the failure to register when required by preliminary objection to the complaint, and the court may dismiss the complaint. *Id.*; Pa.R.C.P. 1028(a)(5). Because WAMCO's failure to register when required would require dismissal of the complaint, failure to register when required would be a meritorious defense requiring opening of the judgment.

WAMCO admits that it is not registered to do business in Pennsylvania. Answer ¶10.

WAMCO argues, however, that it need not register because it is not doing business here. The question of whether a foreign corporation is "doing business" in the Commonwealth is a question of fact that the court must decide on a case-by-case basis. *American Housing*

*Trust III v. Jones,* 548 Pa. 311, 317-19 & n.6, 696 A.2d 1181, 1184-85 & n.6 (1997); *University of Dominica v. Pennsylvania College of Podiatric Medicine,* 301 Pa. Super. 68, 72, 446 A.2d 1339, 1341 (1982). There is a presumption that WAMCO has complied with the registration statute, and Haaz bears the burden of proving that WAMCO is doing business in Pennsylvania in violation of the statute. See *Meaker Galvanizing Co. v. Charles E. McInnes & Co.,* 272 Pa. 561, 568, 116 A. 400, 402 (1922) (stating that the law assumes that a foreign corporation has complied with registration requirements); *Blue Valley Creamery Co. v. Zimmerman,* 60 Pa. Super. 278, 1915 WL 4408 at *2 (same). See also, *Rudden v. Gro-Plant Industries Inc.,* 304 A.2d 812, 814 (Md. 1973) (stating that party asserting that unregistered foreign corporation is doing business in Maryland bears the burden of proof); *Cadle Co. v. Hoffman,* 655 N.Y.S.2d 633, 634 (App.Div. 1997) (stating that "the presumption is that [an unregistered foreign corporation] is doing business in its state of incorporation . . . , and not in New York").

*2. A foreign company is not doing business in Pennsylvania even if it is regularly engaged in acquiring and collecting debts in Pennsylvania, and even if it conducts those activities through local offices and agents*

Doing business generally "involves regular, repeated, and continuing business contacts of a local nature." *American Housing Trust,* 548 Pa. at 318, 696 A.2d at 1184. But there is no statutory definition of the term. Instead, the Foreign Business Corporation Law sets

forth a nonexhaustive list of activities that do not constitute doing business, including

"(1) Maintaining or defending any action or administrative or arbitrative proceeding or effecting the settlement thereof or the settlement of claims or disputes. . . .

"(7) Creating, as borrower or lender, acquiring or incurring, obligations or mortgages or other security interest in real or personal property.

"(8) Securing or collecting debts or enforcing rights in property securing them. . . .

"(11) Inspecting, appraising and acquiring real estate and mortgages and other liens thereon and personal property and security interests therein, and holding, leasing, conveying and transferring them, as fiduciary or otherwise." 15 Pa.C.S. §4122(a), incorporated into Pennsylvania Revised Uniform Limited Partnership Act by 15 Pa.C.S. §8582(b).

"[A]ny conduct more regular, systematic, or extensive than that described in [section 4122(a)] constitutes the transaction of business and requires the [company] to obtain a certificate of authority." 15 Pa.C.S. §4122, committee comment, cited in *American Housing Trust,* 548 Pa. at 317, 696 A.2d at 1184.

WAMCO's sole business in Pennsylvania or anywhere is debt acquisition and collection. Therefore, WAMCO's activities seem to fall under the exclusions of subsections (a)(1), (a)(7), (a)(8) and (a)(11). Haaz seems to argue, however, that the exclusions for debt acquisition and collection do not apply because WAMCO is in the business of acquiring and collecting loans in Pennsylvania, and WAMCO is physically present in Pennsylvania. This argument—which presents an issue of first impression in Pennsylvania—has some merit.

First, presence of office or an agent in Pennsylvania typically indicates that a company is doing business in Pennsylvania, especially when the foreign corporation conducts local business out of that office or through the agent. See *Pavilion Co. v. Hamilton,* 15 Pa. Super. 389, 392, 1900 WL 5365 at *3 (stating that test of doing business under previous version of registration statute included "whether the foreign corporation [has] an agent in the state of Pennsylvania; or [has] offices for the general conduct of its business in the state; or [conducts] its corporate business in the state . . ." quoted in *Hoffman Construction Co. v. Erwin,* 331 Pa. 384, 387, 200 A. 579, 580 (1938); 15 Pa.C.S. §4122, committee comment (stating that "[t]ypical conduct requiring a certificate of authority includes maintaining an office to conduct local intrastate business . . . , entering into contracts relating to local business . . . and . . . using real estate for general corporate purposes"). Cf. *United Fruit Co. v. Department of Labor and Industry,* 344 Pa. 172, 176, 25 A.2d 171, 173 (1942) (stating that foreign corporation with 300 employees working in Pennsylvania need not register where those employees are engaged solely in *interstate* commerce).

Second, the official comment to Revised Model Business Corporation Act §15.01(b)(7) and (8), after which the legislature patterned 15 Pa.C.S. §4122(a)(7) and (8), states that "[t]he mere act of making a loan by a foreign corporation *that is not in the business of making loans* does not constitute transacting business in the state in which the loan was made. 3 Model Business Corporation Act §15.01 at 1573 (3d ed. 1985). (emphasis added) The reporter's annotations state that "lending institutions [are] not required to obtain a certificate of au-

thority merely because they acquired indebtedness and security therefore in a state *in which they were not otherwise present." Id.* at 1576. (emphasis added) These sources indicate that debt acquisition and collection may rise to the level of doing business, such that the exclusion for such activities no longer applies, if the plaintiff is in the business of acquiring and collecting debts, it acquires and collects debts in Pennsylvania and it has an office or other presence in Pennsylvania.

Third, the Pennsylvania Supreme Court has hinted in dictum that a foreign company that engages in multiple debt acquisition and collection transactions in Pennsylvania might be doing business here. *American Housing Trust,* 548 Pa. at 318, 696 A.2d at 1185.

In spite of this compelling argument, the court must hold that a foreign company engaged in debt acquisition and collection activities in Pennsylvania is not doing business within the meaning of the registration statute, even if the foreign company is in the business of debt acquisition and collection, and even if it conducts those activities through local offices and agents. The court must read subsections (a)(7) and (8) together with subsection (a)(11). See 1 Pa.C.S. §1922(2), cited in *Commonwealth v. Lopez,* 444 Pa. Super. 206, 210-11, 663 A.2d 746, 748 (1995) (stating that "[w]hen construing one section of a statute, courts must read that section not by itself, but with reference to, and in light of, the other sections because there is a presumption that in drafting the statute, the General Assembly intended the entire statute to be effective."). Subsection (a)(11) has no corresponding subsection in the Model Act and appears to be unique to Pennsylvania. See 3 Model Business Corporation Act §15.01. The commit-

tee comment to section 4122 explains the debt acquisition and collection exclusions of subsection (a)(7), (8) and (11) as follows:

"Even in the absence of nonuniform subsection (a)(11), the mere act of making a loan in Pennsylvania by a foreign corporation would not constitute doing business in Pennsylvania. On the same theory a foreign corporation could obtain security for the repayment of a loan, and foreclose or enforce the lien or security interest to collect the loan, without being deemed to be doing business. See subsections (a)(7) and (8). Similarly, a refunding or 'roll over' of a loan or its adjustment or compromise would not involve the transaction of business. . . . Subsection (a)(11) makes clear that foreign lenders (typically banks and nonadmitted insurance companies) are not required to obtain a certificate of authority *even where they are regularly engaged in the business of making loans in this Commonwealth through resident offices and officers.*" 15 Pa.C.S. §4122(a), committee comment. (emphasis added)[3]

The legislature's addition of nonuniform subsection (a)(11) to the Model Act and the committee's explanation of that subsection show that the debt acquisition and collection exclusion of section 4122(a) is broader than its counterpart in the Model Act. WAMCO need not register even if it is regularly engaged in acquiring and collecting debts in Pennsylvania, and even if it conducts those activities through local offices and agents.

---

3. "Official comments are to be given weight in the construction of statutes." *Lessner v. Rubinson,* 527 Pa. 393, 398 n.4, 592 A.2d 678, 680 n.4 (1991), citing 1 Pa.C.S. §1939.

### 3. *This court cannot rely on dicta in* American Housing Trust *to yield an interpretation of doing business that is clearly at odds with the statute*

None of the parties cite to *American Housing Trust III v. Jones,* 548 Pa. 311, 319, 696 A.2d 1181, 1185 (1997). In *American Housing Trust,* 548 Pa. at 314, 696 A.2d at 1182-83, a foreign company sued a debtor who had defaulted on a land installment sale contract. The debtor filed a preliminary objection arguing that the company lacked capacity to sue because it was doing business in Pennsylvania without having registered. *Id.* at 314, 696 A.2d at 1183. In its answer to the preliminary objections, the company argued that it need not have registered because its activities fell within the debt acquisition and collection exclusions of sections 4122(a)(7) and (8). *Id.* Without taking any evidence, the trial court sustained the preliminary objection and dismissed the company's complaint. *Id.* The Superior Court affirmed. *Id.*

The Pennsylvania Supreme Court vacated the dismissal. *Id.* at 319, 696 A.2d at 1185. Because the concept of doing business is a factual issue, the Supreme Court held that the trial court should have taken evidence on the nature and extent of the company's business in Pennsylvania, rather than deciding the issue on the pleadings alone. *Id.* See Pa.R.C.P. 1028(c)(2) and note. The Supreme Court remanded the case to the trial court to take that evidence. *American Housing Trust,* 548 Pa. at 319, 696 A.2d at 1185. The company, however, urged the Supreme Court to decide the doing business issue itself, rather than remand to the trial court. *Id.* In its brief, the company argued

"[The company's] *sole activities* in Pennsylvania are the acquiring and/or creating, as lender, obligations or

security interests in real property, and the securing or collecting of debts and/or the enforcing of its rights in the real property securing said obligations. These *activities* clearly fall squarely within those excluded by sections 4122(a)(7) and (8)." *Id.* at 318-19, 696 A.2d at 1185. (quoting from the company's brief) (emphasis added by Supreme Court)

The Supreme Court refused to decide the issue, because, as it stated in its holding, an allegation that a foreign company is doing business without registration creates a factual issue, the determination of which requires taking evidence. *Id.*

The court then said that "the statement in [the company's] brief (sole activities), *supra,* is expressed in the plural sense, and can be read as consistent with a suggestion that [the company] does business in Pennsylvania because it repeats similar transactions in this Commonwealth." *Id.* at 319, 696 A.2d at 1185. One might read this general language as meaning that debt acquisition and collection activities normally excluded under sections 4122(a)(7) and (8) may nevertheless constitute doing business if the company repeats those activities in Pennsylvania. Such an interpretation is clearly at odds with section 4122(a)(11). See 15 Pa.C.S. §4122(a), committee comment. As the lack of evidence kept the Supreme Court from even considering the issue of doing business, however, this portion of the *American Housing Trust* opinion is dictum. This court cannot apply that dictum to achieve a result clearly at odds with the statute. See *Cohens v. Virginia,* 19 U.S. 264, 399 (1821) (Marshall, J.) ("It is a maxim, not to be disregarded, that general expressions, in every opinion, are to be taken in connection with the case in which those expressions are used. If they go beyond the case, they may be respected, but ought not to control the judg-

ment in a subsequent suit, when the very point is presented for decision."), quoted in *Horvath v. Morrison,* 344 Pa. 434, 436-37, 25 A.2d 324, 326 (1942).

Haaz has not produced evidence that WAMCO is doing business in Pennsylvania. WAMCO's lack of registration is not a meritorious defense to the judgment against Haaz.

### D. WAMCO Did Not Waive the Right to Declare Default

Haaz argues that Summit and WAMCO waived its right to "demand a lump sum payment of the full loan balance" by accepting monthly payments after the maturity date of the note. Petition ¶18. The court disagrees.

Implied waiver—a kind of equitable estoppel—is a meritorious defense to a confessed judgment. *Yellow Cab Co. of Philadelphia v. Carpol Realty Co. Inc.,* 221 Pa. Super. 132, 136, 289 A.2d 241, 244 (1972), citing *Brown v. Pittsburgh,* 409 Pa. 357, 186 A.2d 399 (1962). The elements of equitable estoppel are (1) an inducement, by act, representation or silence when one ought to speak, that causes one to believe the existence of a certain set of facts; (2) justifiable reliance on that inducement; and (3) prejudice to the one induced. *Novelty Knitting Mills Inc. v. Siskind,* 500 Pa. 432, 436, 457 A.2d 502, 503 (1983); *Zivari v. Willis,* 416 Pa. Super. 432, 436, 611 A.2d 293, 295 (1992). Haaz has presented no evidence that WAMCO's acceptance of payments after the note matured caused him prejudice. Absent evidence of prejudice, Haaz's waiver argument must fail. *Brown,* 409 Pa. at 361, 186 A.2d at 401. See also, *Warren Tank Car Co. v. Dodson,* 330 Pa. 281, 199 A. 139 (1938).[4]

---

4. None of the parties cite to *Warren Tank Car Co. v. Dodson,* 330 Pa. 281, 199 A. 139 (1938). The *Warren Tank Car* doctrine, which re-

*Yellow Cab,* on which Haaz relies, is distinguishable. *Yellow Cab Co. of Philadelphia,* 221 Pa. Super. at 136, 289 A.2d at 241. The defendant made 37 monthly payments on a 10-year note. *Id.* at 134, 289 A.2d at 242. The note provided for acceleration of the principle and entry of confessed judgment should any payment be 10 or more days late. *Id.* In spite of this provision, the plaintiff accepted four late payments without protest. *Id.* When the defendant made a fifth late payment, the plaintiff entered a confessed judgment on the balance of the

---

quires a creditor who has acquiesced in irregular payments to give notice that it will demand strict regularity of payment before it can declare a default, applies only in situations resulting in a forfeiture:

"[W]here a contract provides for payments at certain times, and for forfeiture upon default, but the creditor, either by inaction or by an affirmative course of dealing, misleads the debtor into the belief that strict regularity of payments will not be insisted upon, he cannot thereafter declare a *forfeiture* unless he first gives reasonable notice to the debtor that in the future he will demand performance at the precise times specified in the contract . . . . [This] is a principle, not of law, but of equity. From the strict legal standpoint the creditor is entitled to enforce the forfeiture according to the terms of the contract, but equity, or a court administering equitable principles under legal forms, will not permit him to do so if by lulling the debtor into a false sense of security he had led him into a default which otherwise the debtor might have avoided. . . . Prior indulgence by the creditor does not give the debtor an automatic right to an extension, but merely a reasonable opportunity to perform provided he can show that additional time would enable him to do so. . . . [A] court of equity will relieve the debtor only upon his paying the debt." *Warren Tank Car Co.,* 330 Pa. at 285-87, 199 A. at 141-42 (emphasis added), quoted in *Knable v. Bradley,* 430 Pa. 153, 157, 242 A.2d 224, 226 (1968).

Under *Warren Tank Car*—a situation-specific application of equitable estoppel—the debtor fulfils the element of prejudice by showing that the creditor's conduct has caused a forfeiture. *Warren Tank Car Co.,* 330 Pa. Super. at 286-87, 199 A. at 141-42. Haaz cannot make such a showing.

note without giving notice to the defendant. *Id.* The trial court held that, by accepting the four late payments, the plaintiff waived its right to declare a default for a late payment until it gave the defendant prior notice of its intent to declare a default. *Id.* The Superior Court affirmed. *Id.* at 138, 289 A.2d at 244.[5]

An implicit crucial element of the decision in *Yellow Cab* was that the 10-year note had not matured when the alleged default occurred. The prejudice to the defendant was the forfeiture of his contractual right to make payments over time. The principal balance of Haaz's note, however, has been due since at least August 1997. Haaz's payment and WAMCO's acceptance of payments after the note became due were not a detriment to Haaz, for Haaz owed those payments anyway. See *Walker v. W.C.A.B. (Sherbren Mtg.),* 656 A.2d 164, 171 (Pa. Commw. 1995) (stating that payment of a legally binding debt does not constitute a detriment for the purposes of equitable estoppel); *Chemical Bank v. Dippolito,* 897 F. Supp. 221, 224 (E.D.Pa. 1995) (finding no prejudice to debtor from creditor's acceptance of payments after loan matured).

WAMCO's acceptance of payments after the note matured is not a meritorious defense to the judgment against Haaz.

---

5. Though the opinion did not cite to *Warren Tank Car,* the court in *Yellow Cab* seemed to be applying the *Warren Tank Car* doctrine. But, see *Monmoyer v. Gaffney,* 222 Pa. Super. 168, 175, 292 A.2d 523, 526 (1972), where the court held that the *Warren Tank Car* doctrine does not apply where the prejudice to the debtor is an acceleration of payment rather than a forfeiture of property.

### III. *The Court Denies the DeSouzas' Petition As Untimely*

In their petition, the DeSouzas raise the same four arguments that Haaz raises: (1) as an assignee WAMCO may not exercise the warrant of attorney; (2) the parties modified the loan agreement and the modified agreement extinguished the warrant of attorney; (3) WAMCO lacks capacity to sue because it has not registered to do business; and (4) WAMCO waived any default by accepting late payments. The court cannot consider these four arguments because the DeSouzas' petition is untimely. See *Tony Palermo Construction v. Brown,* 326 Pa. Super. 566, 569, 474 A.2d 635, 636-37 (1984) (holding that merit of defenses raised in untimely petition to open is irrelevant) and *Landis v. Richmond,* 249 Pa. Super. 418, 419, 378 A.2d 365, 366 (1977) (same).

Pa.R.C.P. 2959(a)(3), which became effective July 1, 1996, governs the timing of a petition to strike off or open a confessed judgment.

"If written notice [of execution] is served upon the [defendant] pursuant to Rule 2956.1(c)(2) . . . , the petition *shall* be filed within 30 days after such service. Unless the defendant can demonstrate that there were compelling reasons for the delay, a petition not timely filed *shall* be denied." Pa.R.C.P. 2959(a)(3). (emphasis added)[6]

---

6. Until this rule became effective in 1996, there was no timeliness requirement at all for a petition to strike off a confessed judgment. *Williams v. Wade,* 704 A.2d 132, 134 (Pa. Super. 1997) (holding that timeliness was not a requirement for granting a petition to strike a default judgment). Though there was a timeliness requirement for a petition to open, the time limit was not fixed. *Haggerty v. Fetner,* 332 Pa. Super. 333, 344, 481 A.2d 641, 647 (1984). The petitioner was required only to file the petition promptly and to give a reasonable excuse for

WAMCO served the DeSouzas with written notice of execution on August 10, 2001. The DeSouzas do not allege that they did not receive the notice or that the notice was improper.[7] Therefore, the DeSouzas were required to file their petition by September 11, 2001. Pa.R.C.P. 2959(a)(3). Because the DeSouzas filed their petition on January 10, 2000—five months after the service of the notice of execution—the court must deny the petition unless the DeSouzas demonstrate compelling reasons for the delay. Pa.R.C.P. 2959(a)(3).

The DeSouzas allege the following reason for their delay:

"There exist compelling reasons for any delay in filing this petition as petitioners have recently learned the facts giving rise to the petition were established by discovery of WAMCO's representative taken in Decem-

any delay. *First Seneca Bank & Trust Co. v. Laurel Mountain Development Corp.,* 506 Pa. 439, 443, 485 A.2d 1096, 1098 (1984). Since the trial court had discretion to determine whether a petition was prompt and whether a delay was reasonable, judicial determinations of timeliness were inconsistent. Compare *Haggerty,* 332 Pa. Super. at 344, 481 A.2d at 647 (holding that petition filed three months after entry of confessed judgment was not timely) with *Hellam Twp. v. DiCicco,* 287 Pa. Super. 227, 230, 429 A.2d 1183, 1184 (1991) (holding that petition filed three months after entry of confessed judgment was timely).

Under the old rule, courts measured timeliness from the date of service of notice of the judgment. *Hutchison v. Hutchison,* 492 Pa. 118, 124, 422 A.2d 501, 504 (1980). Under the new rule, courts measure timeliness from the date of service of notice of execution. Pa.R.C.P. 2959(a)(3). See *Magee v. J.G. Wentworth & Co.,* 761 A.2d 159, 161 (Pa. Super. 2000); *Thomas Assocs. Investigative & Consulting Servs. Inc. v. GPI Ltd.,* 711 A.2d 506, 509 (Pa. Super. 1998).

7. WAMCO filed affidavits of service showing that it served the DeSouzas with written notice of execution on August 20, 2000. In their original petition, the DeSouzas alleged that they had not received service of the notice. Petition ¶3. One day later, they amended the petition to remove that allegation. Amendment to petition ¶3.

ber 2000 by Franklin B. Haaz pursuant to his petition to open or strike confessed judgment in the above referenced matter. . . ." Amendment to petition ¶3.

The brief supporting the DeSouzas' petition describes the recently learned facts:

"[T]his petition is promptly filed under the circumstances and it is in the interest of justice that the court grant the relief requested. Defendant Franklin B. Haaz has petitioned to open or strike the same improperly confessed judgments, and that petition is presently pending before the court. . . . Recent discovery in December 2000 from the Haaz petition has established that, among other things, WAMCO is doing business in Pennsylvania without ever having registered to do so and accepted payments on the loan after the loan balance allegedly became due. Such facts preclude WAMCO from confessing judgment against petitioners." DeSouza brief at 2.

The DeSouzas' allegation that they merely did not know the facts underlying their defenses is not a compelling reason for missing a mandatory filing deadline by four months. There is no allegation in the petition of any act by WAMCO or of any disability of the DeSouzas that kept the DeSouzas from learning these facts. They base all of their defenses to the judgment on facts that they could have discovered—just as Haaz discovered them—on or before September 10, 2000.[8] WAMCO's

---

8. The evidence upon which Haaz based his waiver argument were an affidavit by Gregg DeSouza, a copy of an April 5, 2000 check signed by Gregg DeSouza, and a copy of a December 1, 2000 FirstCity Services account invoice addressed to Gregg and Linda DeSouza. As Haaz based his timely waiver defense on facts that were within the personal knowledge of Gregg DeSouza, the Desouzas' allegation that they only recently learned the facts underlying this defense is, to say the least, a bold one.

complaint put the DeSouzas on notice—just as it put Haaz on notice—of the facts underlying the defenses they assert in their petition. The court also notes that Haaz served his September 1, 2000 petition and WAMCO served its October 2, 2000 response on counsel for DeSouza. Those pleadings discussed all of the defenses that the DeSouzas raised in their petition.

The DeSouzas have not alleged facts in their petition that, even if accepted as true, constitute a compelling reason for their filing a petition four months after the deadline. The court must deny the petition as untimely. See *Tony Palermo Const.*, 326 Pa. Super. at 569, 474 A.2d at 636-37 (holding that failure to aver reason for delay in petition to open confessed judgment was fatal to petition) and *Landis,* 249 Pa. Super. at 419, 378 A.2d at 366 (holding that lower court abused its discretion in granting petition to open a confessed judgment where petition did not aver reason for delay).

## CONCLUSION

Haaz has not demonstrated a fatal defect on the record of the confessed judgment and has not presented evidence of a meritorious defense to liability on the note. The Desouzas' petition is untimely. The court will enter a contemporaneous order denying both petitions.

## ORDER

And now, April 3, 2001, upon consideration of the petitions of defendants Gregg DeSouza, Linda DeSouza, and Franklin Haaz to strike off or open the confessed judgment and the responses of plaintiff WAMCO XXV Ltd., it is hereby ordered that the petitions are denied.